No. 70.—John B. Kendrick, plaintiff in error, *vs.* Isaac McCrary, defendant in error.

[1.] A father can maintain an action on the case, for the seduction of his daughter, living with him and under his control, though she be of age ; nor is it necessary in such case, to prove an actual contract for services between the father and his daughter. It will be presumed, from any services, however slight, rendered by her, in the family.

[2.] The legal foundation of the action rests upon the assumed relation of master and servant, and not upon that of father and child ; *nevertheless*, in such an action, the father may not only secure the damages he has sustained, by the actual loss of service and the payment of necessary expenses ; but the Jury may award him compensation for the destruction of his domestic peace, as well as the disgrace cast upon his family.

Trespass on the case, in Stewart Superior Court. Tried before Judge Iverson, on motion for new trial, April Term, 1852.

This was an action on the case, brought by Isaac McCrary, against John B. Kendrick, for the seduction of plaintiff's daughter, *per quod servitiam amisit*. The Jury returned a verdict for the plaintiff for $1,049 ; whereupon, defendant's counsel moved for a new trial, on the ground "that the finding of the Jury was contrary to law and evidence submitted, in this, viz : that it was proven at the trial, that the daughter of plaintiff was twenty-one years of age at the time the seduction took place, and the actual damage to the plaintiff, proved on the trial, was only forty-nine dollars ; whereas, the Jury gave one thousand dollars vindictive damages."

The Court below refused the motion for a new trial, and this decision is assigned as error.

B. K. HARRISON, for plaintiff in error.

WORRILL, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

This was an action of *trespass on the case*, instituted in the Superior Court of Stewart County, by Isaac McCrary against John B. Kendrick, for the seduction of plaintiff's daughter. The Jury returned a verdict for $1,049 ; and a new trial is asked, on the grounds that the daughter was twenty-one years old at the time the injury occurred, and there was no contract of service between her and her father ; that the service rendered was voluntary. And it is contended that the father could not sue for, and recover damages, for the loss of that which he had no legal right to claim ; that the measure of damages was the actual loss sustained ; and that the right of action belonged to the daughter and not to the father.

[1.] In cases of this sort, it is not necessary to prove an actual contract between the father and the daughter, in order to maintain the action. Before the child attains the age of twenty-one, the law gives the father dominion over her ; and after, the law presumes the contract, when the daughter is so situated as to render service to the father, or is under his control ; and this it does for the wisest and most benevolent of purposes, to preserve his domestic peace, by guarding from the spoiler the purity and innocence of his child. *Bennett vs. Alcot,* 2 *Term R.* 166. *Nicholson vs. Shiller,* 10 *John. R.* 115. *Merom vs. Davis,* 4 *Conn.* 417. *Mainoter vs. Nin. M. & M.* 323. *Cited,* 3 *Stephens' N. P. Hollaway vs. Abell,* 32. *Eng. Com. L. R.* 615. In the case before us, the daughter lived in her father's house at the time of the seduction, under his control, and in the performance of actual services.

This action was originally given to the *master*, to enable him

to recover damages for the loss of service occasioned by the seduction of his *servant.* He was restricted in his recovery to the
actual damages sustained. The loss of service is still the legal
foundation of the action : and the father cannot maintain the
action without averring in his declaration and proving on the
trial, that from the consequences of the seduction,.his daughter
is less able to perform the duties of servant ; but the proof upon
both of these points need be very slight. It matters not how
small the service she rendered, though it may have consisted
in milking his cows, or even pouring out his tea, he is entitled to
his action. *Carr vs. Clark,* 2 *Chitty,* 261. *Mann vs. Barrett,*
6 *Esp.* 23. Indeed, as shewn by the cases cited under the other
head, it has been decided, that the father need not prove any
actual service rendered, if at the time of the seduction, she lives
with her father, or is under his control ; and that too, whether
she be a minor or an adult. Lord *Denman* held, in *Joseph vs.
Cowan,* (*cited* 2 *Stephens' N. P.* 2354, *and Roscoe on Ev.* 493,)
that the father can maintain the action before the confinement
of his daughter, and even though he has turned her out of doors.

As to the measure of damages, the rule originally governing the action, has for a long time been so far extended as
to authorize the father to recover damage beyond the mere loss
of services and expenses consequent on the seduction.

Lord *Ellenborough,* in the case of *Irwin vs. Dealman,* (1 *East.*
24,) says : "however difficult it may be to reconcile to principle the giving of greater damages, the practice is become inveterate, and cannot now be shaken." In *Tulledge vs. Wade,* (3
*Wils.* 18,) Chief Justice Wilmot remarks : "Actions of this sort
are brought for example's sake ; and although the plaintiff's loss in
this case, may not really amount to the value of twenty shillings,
yet the Jury have done right in giving liberal damages." The
Court, in *Tilletson vs. Cheatham,* (3 *Johns.* 56,) quoting the foregoing cases with approbation, adds : "The actual pecuniary damages, in actions for defamation, as well as in other actions for
loss, can rarely be computed, and are never the sole rule of assessment."

In *Briggs vs. Evans,* (5 *Iredell,* 16,) and upon which I have

already drawn, the Supreme Court of North Carolina, use this strong language : " The second exception is equally as untenable as the first. It assumes that the only consequential injury to the father, of which he has a right to complain, consists in the loss of the services of his daughter, and the expenses he may incur during her confinement. This certainly is not so. If it were so, and pregnancy did not result from the seduction, the father would have no action. All the authorities show that the relation of master and servant, between the parent and child, is but a figment of the law, to open to him the door for the redress of his injuries. It is the substratum on which the action is built ; the actual damage which he has sustained, in many, if not in most cases, exists only in the humanity of the law, which seeks to vindicate his outraged feelings. He comes into the Court as a master, he goes before the Jury as a father."

Never, so help me God, while I have the honor to occupy a seat upon this bench, will I consent to control the Jury, in the amount of compensation which they may see fit to render a father for the dishonor and disgrace thus cast upon his family; for this atrocious invasion of his household peace. There is nothing like it, since the entrance of Sin and Death into this lower world. Money cannot redress a parent who is wronged beyond the possibility of redress ; it cannot minister to a mind thus diseased. Give to such a plaintiff, all that figures can number, it is as the small dust of the balance. Say to the father, there is $1049, embrace your innocent daughter, for the last time, and let her henceforth become an object for the hand of scorn to point its finger at ! What mockery ! And yet this is the identical case we are considering.

It has been truly said, that more instructive lessons are taught in Courts of Justice, than the Church is able to inculcate. Morals come in the cold abstract from the pulpit ; but men smart under them practically, when Juries are the preachers. In cases of deliberate seduction, there should be no limitation to verdicts, because there is none to the magnitude of the injury.

The judgment of the Circuit Court is affirmed.