21938, 21984.   ODUM *v.* BERGMAN; and *vice versa.*

DECIDED APRIL 29, 1932.

*Sam E. Murrell, K. R. Murrell,* for plaintiff.
*Charles W. Bergman, Savage & Crawford,* for defendant.

LUKE, J. The special demurrer to the plaintiff's declaration having been sustained as to certain paragraphs, in an action brought by Sadie Odum against Hyman Bergman, in the superior court of Fulton county, and, the plaintiff's declaration having been dismissed for failure to amend to meet the grounds of special demurrer thus sustained, after the expiration of the time allotted for such amendment, the plaintiff excepted to the judgment of the trial court dismissing her declaration, and assigns error upon such judgment.

■ The action is one to recover damages for loss of services and for money laid out and expended for medicine, medical services, and nursing, as the alleged result of the defendant's seduction of the plaintiff's minor daughter. The trial court sustained the special demurrer to paragraph 6 of the declaration on the ground that

the "paragraph does not set out by what wiles, means, or manner the plaintiff's daughter was induced to submit to seduction by defendant." Paragraph 6 is in the following language: "That the defendant, contriving and wrongfully intending to injure the plaintiff, and to deprive her of the service and assistance of said Sadie Odum, the daughter and servant of the plaintiff, on or about the 1st day of May, 1929, and on other days between that day and the commencement of this suit, in the defendant's said office in the city of Atlanta, Fulton county, Georgia, debauched and carnally knew the said Sadie Odum then and there and from thence hitherto, being the daughter and servant of the plaintiff." We do not concur in the view of the learned trial judge that the allegation is deficient in that it "does not set out by what wiles, means, or manner" the plaintiff's daughter was seduced. We are of the opinion that the words "debauched and carnally knew," according to their common acceptation, are sufficient as a charge of seduction, and that, under the rule that the pleader is not required to set out his evidence in his pleadings, it is not required that the plaintiff in this case should set out such details as those indicated. Although defendant in error here seems mainly to rely upon the case of *Mosley* v. *Lynn*, 172 Ga. 193 (157 S. E. 450), to support the contention that such details of fact are required to be alleged, that case seems clearly to be authority for the contrary view. We so hold.

■ The trial judge also sustained the demurrers to paragraphs 9 and 10 of the declaration. The ground of demurrer to paragraph 9 is that "said paragraph does not specifically set out what is meant by the 'necessary affairs and business of the plaintiff,' and in how and in what manner the plaintiff was deprived of the services of her daughter." Since it is elsewhere alleged in the plaintiff's declaration that, during a stated period, "the defendant employed the said Sadie Odum, plaintiff's daughter, to work for him as an office girl and stenographer, and that plaintiff's said daughter worked for said defendant as such," we think the allegation is sufficiently definite to inform the defendant of the meaning intended by her averment that the daughter, by reason of the premises, "there became and was unable to do or perform the necessary affairs and business of the plaintiff," especially since the averment continues as follows: "so being her mother and master as aforesaid, and thereby the plaintiff during all that time lost and was deprived of the services of her said daughter and servant."

The only ground of demurrer to paragraph 10 is that "the elements named in said paragraph are irrelevant and immaterial." The elements referred to are the items of money laid out and expended for medical services and other expenditures incident to the delivery of a child. No reason appears why such items are not recoverable in such an action, and none is seriously urged. Certainly the authorities generally hold that such expenditures are proper elements of damage and are recoverable. In our own State it was so decided in *Kendrick* v. *McCrary*, 11 *Ga.* 603. We think it was error to sustain the demurrer to this paragraph on the ground averred.

Our conclusion is that the plaintiff's declaration was not open to the objections set out in the special demurrer, in the particulars in which that demurrer was sustained, and that it was, therefore, error, requiring a reversal, to dismiss the declaration for failure to amend as stated.

The plaintiff's motion to dismiss the defendant's cross-bill of exceptions for want of service, or any acknowledgment of service thereof, is sustained, and the writ of error thereon is hereby dismissed.

*Judgment on main bill of exceptions reversed; cross-bill dismissed.*

*Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*