## HOLMAN & WOODS *vs.* THE GEORGIA RAILROAD.

1. Where the whole of a contract is in writing, and is not ambiguous or obscure, parol testimony to modify change or explain such writing is not admissible.

2. While by the terms of a written contract wheat was made deliverable by one of the parties only to the order of the other indorsed on the elevator receipt given for it, yet with the consent of both parties this could be changed by subsequent agreement, and the wheat delivered without such indorsement. ·

3. It is the province of the court to construe a written contract, and tell the jury its legal effect.

(*a.*) Authority to an agent to do a thing generally includes authority to do everything usual and necessary for the accomplishment of the main object. Hence authority to sell personalty includes authority to deliver it.

(*b.*) The grant of authority by letters and telegrams to make sales, in the usual course of commerce, will be construed liberally in favor of authority of the agent.

. Evidence. Principal and Agent. Charge of Court. Contracts. Before Judge SNEAD. Richmond Superior Court. April Term, 1881.

The plaintiff stored a quantity of wheat in the grain elevator of the Georgia Railroad, and took a receipt therefor, "subject only to the order hereon of Holman & Woods upon the surrender of this receipt." The wheat was delivered to Barnes upon his surrender of the receipt not indorsed by the plaintiffs. Subsequently demand was made of the defendant by the plaintiffs for the wheat, which being refused, an action of trover was brought.

At the trial it was proved that Barnes had been instructed by the plaintiffs by telegram and by letter to sell the wheat, and to return account of sales, and that the elevator receipt had been delivered to him for the purpose of making a sale. The jury found for the defendant. Plaintiffs moved for a new trial, which being overruled, they excepted. For the other facts see the decision.

FOSTER & LAMAR, for plaintiffs in error.

JOS. B. CUMMING, for defendant.

SPEER, Justice.

Plaintiffs in error sued the defendant for the value of 400 bushels red wheat in an action of trover. They alleged that on April 4th, 1880, the defendant issued to them an "elevator receipt," in which it was stipulated that "the wheat was subject only to the order of Holman & Woods hereon, and the surrender of this receipt." Demand was made on defendant for the wheat on September 23d, 1880, and on refusal suit was brought. The jury, under the evidence and charge of the court, found a verdict for defendant. Whereupon plaintiffs below made a motion for a new trial on various grounds, as set forth in the record, which was overruled by the court and plaintiff excepted.

1. Certain grounds of error assigned, are the exclusion from the jury as evidence of various answers made by plaintiff, Henry K. Holman, to interrogatories sued out in said case. In the answer to the first cross-interrogatory, it appears from the answer of this witness, that "there had never been any *oral* communication whatever between plaintiffs and Barnes; the evidence of the employment and agency of Barnes by plaintiffs, existed only in letters, postal cards and telegrams, which had passed between the parties, and in the delivery of the elevator receipt by plaintiffs to Barnes, and its possession by him."

The evidence excluded by the court below, and complained of by plaintiff, "was the proof by *parol* of any agency other than that derivable from the letters, postal cards and telegrams, and from the delivery and possession of the elevator receipt;" the proof by *parol* "of any agency with limitations not contained in or inferable from the correspondence;" by *parol* proof of the meaning

which plaintiffs attributed to the correspondence, such correspondence not being itself ambiguous, and such meaning or understanding not having been communicated to defendant or to Barnes.

It appearing from a careful examination of the answers to the interrogatories, that they fall within one or the other of the above and foregoing restrictions, we find no error in their exclusion by the court. It appears that there never was any *oral* communication or personal interview between plaintiffs and Barnes, and that all communication that passed between them was by letter or telegraph, and that was *in writing.* We cannot see how any proof by *parol* either to modify, change or explain those written communications from one of the parties alone was competent under the facts of this case. · We think therefore the rulings excluding such evidence were right, under well established principles, as embodied in section 2757 of the Code.

It certainly was not competent for this plaintiff to say more, as to the relation that Barnes bore to their firm, of his agency, its scope or limit, than was contained in the writings and telegrams that passed between the parties. This agency was created by these writings and telegrams, and to these we must look alone for the scope and extent of Barnes' authority to dispose of this wheat. And as this evidence was before the jury under the instruction of the court, we do not think, under the facts, that *parol* evidence was admissible, either to vary, limit, or extend the meaning of the written evidence in the form in which it was offered.

2. It is insisted by the plaintiff in error, that by the written receipt of the defendant the wheat was subject only to the order of Holman & Woods, indorsed thereon, and the surrender of the receipt; and a delivery by defendant without that indorsement was a violation of the express letter of the contract ; and therefore defendant was liable.

While it is true, this would be the rule, as applicable to this written contract between the parties without more, yet it was competent for the plaintiffs, with consent of defendant, to order the delivery of the wheat to Barnes for sale, if they chose to do so, without indorsing their names upon the receipt, and equally competent for the defendant to acquiesce in such change of the written contract ; and if the wheat was delivered by the defendant by the authority of the plaintiffs either expressly or impliedly by the authority of letters and telegrams sent by plaintiffs to Barnes, this would discharge defendant from all liability as fully and effectually as the indorsement and surrender of the written receipt.

3. After carefully looking through the evidence, as appears from the letters and telegrams between the plaintiffs and Barnes, it may be reasonably inferred from the sending of the bill of lading to Barnes, also sending the receipt of the elevator, with instructions for him to sell the wheat and report to them "account of sales," that it was the purpose and intention of the plaintiffs that Barnes should take the control and disposition of the wheat in possession of the defendant.

Under this view of the case, and under the authority which the court had to give a legal construction of this contract of agency between the parties, we hold, that there was no error in the court in charging the jury, "that even if the requirement for indorsement was for the benefit of plaintiffs, Holman & Woods, they, either impliedly waived the indorsement, or impliedly authorized Barnes to indorse."

The written evidence of the authority of Barnes as the agent of plaintiffs to control and sell this wheat was before the court and jury in the form of letters and telegrams, and it was competent for the court in construing such writings to instruct the jury as to their legal effect, and as to the extent of the authority under the law they conferred upon Barnes as the agent of plaintiffs in reference to said wheat ; and in so doing, we do not see any error in the

charge of the court as above complained of. Nor is it obnoxious to the objection as urged that it is giving an expression of opinion as to what had or had not been proved, but was only instructing the jury as to the legal effect of certain written evidence before them, as to the extent of Barnes' authority.

We may very readily conclude from the correspondence between the parties, plaintiffs and Barnes, that it was their purpose and intent to clothe him with the author-ity to sell this wheat. They by letter so direct and order, and as the authority to sell necessarily includes the author-ity to deliver ("for delivery is essential to the perfection of a sale," Code, §2644) we cannot otherwise reasonably ac-count for the conduct of the plaintiffs in forwarding bill of lading to Barnes, and subsequently the elevator receipt, unless it was for him to carry into effect their instructions to sell, and report account of sale. We think, therefore, the court was right when it charged in effect, "that delivery was essential to the completion of the sale, and that au-thority to sell included authority to deliver." Benj. on Sales, 311, 674, 677. It is a sound rule of law, that authority to do a thing generally carries with it authority to do everything necessary for the accomplishment of the main object; and if Barnes was constituted an agent to sell, he was an agent to deliver, and if he could not deliver without surrender-ing the elevator receipt under his instructions, he had authority to surrender it. Story on Agency, 57, 60, 82, 85 93, 94. It is also a rule that when such an agency is created by letters, the correspondence would, in the inter-est of trade and commercial confidence, be liberally con-strued in favor of the grant of authority. Story on Agency, 92.

As the plaintiffs' evidence in the case was all that was submitted, on a careful consideration thereof, and the rules of law given in charge and applicable thereto, we see no error in the judgment of the court overruling the motion for a new trial.

Let the judgment of the court below be affirmed.