### CABLE COMPANY *v.* WALKER.

1. The fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties; and, the fact of agency once established, declarations and admissions of the person whose agency is shown, within the scope of his authority, are admissible in evidence against the principal.
2. There was sufficient evidence to authorize the jury to find in favor of the defendant.
3. A juror will not be heard directly or indirectly to impeach his verdict.

Submitted May 31, — Decided December 12, 1906.

Attachment.   Before Judge Reid.   City court of Atlanta.   December 8, 1905.

In March, 1903, Walker purchased a piano from the Cable Company, and signed a written contract agreeing to pay $365 in monthly installments for the same. Upon the delivery of the

piano, Walker made some objections to the instrument that was delivered; and in February, 1904, he wrote the Cable Company, claiming that they had violated certain "precontract representations made by the agents of said Company," and that he would not make further payments on the same. In May, 1904, the Cable Co. filed a declaration in attachment to recover the balance of the purchase-price, $335. The defendant, in his answer and amendment thereto, alleged that the piano delivered by the company was not the one contracted for, but was a greatly inferior instrument. Defendant also charged that plaintiff had altered the written contract, and that said contract was void because of said breaches by plaintiff. The evidence was conflicting; and the jury found for the defendant. The plaintiff moved for a new trial on the general grounds, and further complained that the court erred in permitting Mrs. Walker, a witness for the defendant, to testify as to a conversation that she had with Mr. Wells, a salesman of the plaintiff company, in which Wells made certain promises to the witness in regard to the piano. The objection to this evidence was "the lack of authority on the part of Wells to represent the company." The plaintiff also alleged that the jury was not impartial, and introduced an affidavit of one of the jurors setting up an alleged improper act on the part of another juror during the consideration of the case, which affidavit the court rejected. The motion for a new trial was overruled, and the plaintiff excepted.

*Joseph W. & John D. Humphries,* for plaintiff.

*O. E. & M. C. Horton,* for defendant.

BECK, J. (After stating the facts.) 1. It was not error for the trial court to permit Mrs. Walker, the wife of defendant, to testify that when the plaintiff delivered at the residence of the defendant a certain piano, she immediately called up the plaintiffs, asking for Mr. Wilkins (a salesman of the plaintiff) and that Wells answered the telephone, stating that Mr. Wilkins was out of town, and that she then told Mr. Wells that the piano delivered was not the instrument purchased, and that he replied that if there was any mistake at all they would make it all right; and that she then insisted on his taking the piano back and not leaving it at the residence of the defendant, but he (Wells) insisted that the piano be left at the residence and that it would be no trouble to come out and select the one she really bought; and that when Mr. Wilkins

came back, if a mistake had been made and the wrong piano sent, he would gladly send the right one. The objection urged was that the conversation, of which the foregoing is the substance, between Mrs. Walker and Mr. Wells "was inadmissible for lack of authority on the part of Wells to represent the company as claimed." We are of the opinion, however, that facts were in proof from which the jury would have been authorized to infer that Wells did have authority to make the statements, representations, and agreements alleged to have been made by him; for Mrs. Walker had testified that while at the plaintiff's store where the piano was purchased, she had seen Wells there waiting on customers and showing pianos, and that though she had begun negotiations for the purchase of an instrument with Wilkins, another salesman, she had finished with Wells. Though the testimony of other witnesses was in sharp conflict with this testimony of Mrs. Walker, it was for the jury to determine whether her account of what transpired was true; and as they evidently did accept it as the truth of the matter, they could infer that, relatively to the sale of the piano and the delivery of the one alleged to have been purchased, Wells was the agent of the plaintiff, and all that he said in the above conversation over the telephone were sayings of an agent dum fervet opus, and within the scope of his employment.

2. The jury rendered a verdict for the defendant "on the plea of the rescission of the contract." As a matter of strict law, there was no plea of rescission. But the defendant did plead that the company had never delivered the instrument purchased by him; that it had delivered a totally different instrument, far inferior to the one contracted for; that objections were made by defendant to its delivery at his residence; that he had objected to its remaining there; that he had persistently demanded that it be carried back; and that it was only permitted to remain while it was there upon plaintiff's assurance that "everything should be made entirely satisfactory." The defense was really not a repudiation of the contract, but a contention that plaintiff had never complied with the contract. And giving the verdict a reasonable construction in view of the pleadings and the evidence, the finding of the jury was in favor of that plea, although they called it a "plea of rescission." Such was the view of the trial judge as set forth in his order overruling the motion for a new trial.

3. The last ground of the motion for a new trial complains that the jury was not impartial. Movant attached an affidavit of one of the jurymen, by which it was sought to prove the facts upon which this ground was based. But, as has been uniformly held, a juror will not be heard to impeach his verdict.

*Judgment affirmed. All the Justices concur.*