38476. KING *et al.* v. TOWNS.

Decided December 5, 1960—Rehearing denied December 20, 1960.

898

*Bruce B. Edwards, F. L. Breen,* for plaintiffs in error.

*Bullock, Yancey & Mitchell, Kyle Yancey,* contra.

FRANKUM, Judge. ■ On the call of the case for trial the defendants made a motion "that the court require plaintiff to make an election as to whether she was proceeding ex delicto or ex contractu," but as the petition is not capable of any construction other than an action sounding in tort, there is no harmful error in the trial court's overruling the motion. *Perdue v. Cason,* 22 Ga. App. 284 (96 S. E. 16). The election was made on the filing of the petition. *Evans v. C. & S. Nat. Bank,* 206 Ga. 441 (57 S. E. 2d 541) ; *Board of Ed. of Glynn County v. Day,* 128 Ga. 156 (57 S. E. 359) ; *Kennedy v. Manry,* 6 Ga. App. 816 (66 S. E. 29).

■ The defendants insist on the general grounds of the motion for a new trial. The first contention is that the misrepresentations concern the deleterious effect on persons eating food prepared in aluminum cookware. It is strenuously insisted by the defendants that no fraudulent misrepresentations were made concerning the stainless steel cookware which was offered for sale and bought by the plaintiff under contract which the plaintiff seeks to rescind. On the other hand, the plaintiff insists that the entire sales presentation was fraught with misrepresentations to induce the plaintiff to purchase the goods of the defendant corporation. It is alleged that the goods sold were of far less value than represented.

The contentions of counsel for both parties go to the very essence of "what is fraud." *Code* § 96-202 provides: "Fraud may exist from misrepresentation by either party," made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation renders the sale voidable at the election of the injured party, though the party making it was not aware that his statement was false. Such misrepresentation may be perpetrated by acts as well as words, and by any artifices designed to mislead. A misrepresentation not acted on is not ground for annulling a contract." It is further provided in *Code* § 105-302: "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Justice Atkinson observed in *Wood v. Cincinnati Safe &c. Co.*, 96 Ga. 120, 123 (22 S. E. 909), that: "Fraud is exceedingly subtle in its nature. There are infinite means by which it can be accomplished. In its conception human ingenuity is limitless in its capabilities. It is therefore impossible to state any general rule by which particular frauds are to be identified. Classification is almost, if not quite, impossible. It may be perpetrated by wilful misrepresentations made by one person to another, with a design to mislead and which do actually mislead another. It may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud." In the last analysis it is for a jury to determine whether statements constitute misrepresentations and, if so, whether such misrepresentations are such as to be material to the transaction, as well as whether such misrepresentations induced the party alleged to be defrauded to pursue some course which he would not otherwise have pursued except for the fraud. The jury in this case was authorized to find that the representations were of such nature as to create an element of fear in the mind of the

purchaser whereby she made a contract that otherwise she would not have made. The evidence was sufficient to authorize the jury to believe that a fear was established by a series of misrepresentations, and considering all the facts and circumstances surrounding the transaction, the jury was authorized to find that these misrepresentations induced the plaintiff to enter into the contract. The materiality of the misrepresentations is usually a question for the jury. *Norris v. Hart,* 74 Ga. App. 444 (40 S. E. 2d 96). Of course, a party cannot blindly rely upon representations of anyone without rhyme or reason, but the question of diligence of the party alleged to have been defrauded relating to whether he exercised due care to ascertain the truth of the alleged misrepresentations is usually a matter for the jury. *Dorsey v. Green,* 202 Ga. 655 (44 S. E. 2d 377); *Johnson v. Sherrer,* 197 Ga. 392 (29 S. E. 2d 581); *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (83 S. E. 2d 580); *Norris v. Hart,* 74 Ga. App. 444, supra. The evidence was sufficient to show that by the use of scheme, artifice, or method, the defendant could, and did, obtain a written contract, with full knowledge that the plaintiff was laboring under a misapprehension, viz., that food cooked in aluminum cookware becomes impregnated with a cancer-producing substance; this was a representation of a present fact to establish an immediate fear in the plaintiff for her own health and that of her family. There are various facts and circumstances shown by the evidence in this case whereby the jury was authorized to conclude that the contract in question was the result of undue influence on the plaintiff, amounting to fraud on the part of the defendant King. The jury was authorized to believe such contract was obtained and procured by fraud, and that the plaintiff had performed all conditions precedent to authorize the rescission of the contract. *Aderhold v. Zimmer,* 86 Ga. App. 204 (71 S. E. 2d 270).

And the second contention is that the evidence shows the defendant, Roy King, was out of town on May 2, when the alleged misrepresentations were made. A brother of the defendant, King, testified that he and another accompanied King on a trip. Canceled flight tickets from a local airline for one "R. King" were introduced in evidence to show that King left At-

lanta on May 1, 1959, and returned on May 4, 1959. However, on close examination, the return ticket bears the stamp "used 1:45, May 2." Under the evidence the jury was authorized to believe the defendant King returned on May 2, 1959, in time to call upon the plaintiff, and to believe the plaintiff's identification of King as the person who made the representations. The general grounds of the motion for a new trial are without merit.

■ Special grounds 1 through 5 assign as error the following charge of the trial court: "Gentlemen, in addition to actual damages in this case, the plaintiff sues for exemplary damages, or what is commonly called punitive damages. And I charge you that the law of Georgia provides that in every tort case—and this is a tort case—there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages to deter the wrongdoer from repeating the trespass." Further, special ground 10 complains that the court's charge on the principles of tort were inapplicable, while the principles of contract law should have been charged. The court correctly construed the action to be one sounding in tort. Compare *Eastern Motor Co. v. Lavender*, 69 Ga. App. 48 (24 S. E. 2d 840), and *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (16 S. E. 2d 176). The petition alleged the perpetration of a fraudulent scheme to, and which did, induce the plaintiff to purchase the cookware from the defendants at an amount in excess of its market value. It is further specifically alleged that the plaintiff rescinded the contract, returned the benefits received by her under the contract, and demanded from the defendants return of the money she had paid. These allegations set forth an action for tort. See *McBurney v. Woodward*, 86 Ga. App. 629 (72 S. E. 2d 89); *Brown v. Ragsdale Morot Co.*, 65 Ga. App. 727, supra. The rescission of a contract because of fraud will vitiate any binding contractual provision. *Dye v. Wall*, 6 Ga. 584; *Eastern Motor Co. v. Lavender*, 69 Ga. App. 48, supra.

*Code* § 105-2002 provides: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to

deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." It is obvious the trial court was charging the language of that portion of the Code applicable to the facts in the instant case. Under the evidence the charge of this section was applicable. It is pleaded and shown by the evidence that the plaintiff is an illiterate person. The jury may well observe and weigh the divergence of intelligence between the parties as a circumstance in a case of this nature when such is shown by the evidence, and the method or scheme to weave a web of fright whereby the plaintiff was overreached and induced to purchase the goods and depart with her own property, as well as money. The court is not unmindful of those who prey upon the ignorant. The illiterate are entitled to the protection of the law as well as the educated. The jurors, who are the arbiters of fact, may weigh all the facts and circumstances in determining whether to award punitive damages. The application of the law to the facts rested upon the 12 jurors. Judge Lumpkin observed: "It has been truly said, that more instructive lessons are taught in Courts of Justice, than the Church is able to inculcate. Morals come in the cold abstract from the pulpit; but men smart under them practically, when Juries are the preachers." *Kendrick v. McCrary*, 11 Ga. 603, 606. No reversible error is shown by special grounds 1 through 5 or special ground 10.

■ Special ground 9 assigns as error the admission in evidence of testimony concerning the words and actions of one Mrs. Dukes, the contention being that it was not shown that Mrs. Dukes was an agent of the defendants. The plaintiff testified that Mrs. Dukes called and left a small gift with the word that the defendant, King, would call later to demonstrate the stainless steel cookware. There was evidence to authorize the jury to find that the defendant, King, did appear and give the demonstration. It was admitted that a woman named Mrs. Dukes was an officer of the defendant corporation, but no evidence was introduced to show that she was the woman who called the plaintiff.

The existence of an agency may be established by proof of circumstances, apparent relations, or conduct of the parties.

*Cable Co. v. Walker,* 127 Ga. 65 (56 S. E. 108) ; *Executive Committee &c. v. Ferguson,* 95 Ga. App. 393 (98 S. E. 2d 50). The circumstances in the instant case were sufficient for the jury to find that the Mrs. Dukes who called on the plaintiff was an agent of the defendant corporation. No error is shown by this special ground.

■ The question of punitive damages is one for the jury. *Kolodkin v. Griffin,* 87 Ga. App. 725 (75 S. E. 2d 197) ; *Aderhold v. Zimmer,* 86 Ga. App. 204, supra. *Code* § 105-2002 provides that additional damages may be allowed for a tort where there are aggravating circumstances for two purposes: (1) to deter the wrongdoer, or (2) as compensation for the wounded feelings of the plaintiff. It should be observed that the rule which requires that the amount of punitive damages have some reasonable proportion to the extent of injury refers to those cases where exemplary damages are awarded for wounded feelings. See *Investment Securities Corp. v. Cole,* 57 Ga. App. 97 (194 S. E. 411), and cases cited therein. In the instant case the pleadings and the evidence show that additional damages were sought to deter the defendants from repeating acts such as alleged in the instant case. The facts and circumstances as shown by the several witnesses testifying as to their similar experiences with the defendant corporation and its agents, together with the documentary evidence, are sufficient to show an over-all scheme to mislead potential purchasers. This court cannot say that the jury's verdict reflects bias and prejudice, or that the amount is so excessive as to demand a reversal. (See *Fields v. Jackson,* 102 Ga. App. 117, 115 S. E. 2d 877, for general rules governing excessive verdicts. Under such circumstances, the measure of damages is within the enlightened conscience of the jury.

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*