## 44963. FORDHAM v. GARRETT-SCHWARTZ MOTOR COMPANY, INC.

EVANS, Judge. The appellee brought this action to recover damages to an automobile sustained when the car overturned while being driven by the defendant, now appellant, predicated upon his negligance. The defendant denied the material allegations and filed a cross action, alleging the plaintiff was negligent in permitting him to drive the automobile which was dangerously defective in its steering section, of which the plaintiff had knowledge, and failed to warn the defendant of the defect. He sought damages for personal injuries and medical expenses. The case proceeded to trial before a jury, and the court directed the verdict against the defendant on his cross action, and in the charge instructed the jury that if they found for the plaintiff it would be entitled to a named sum, and the form of their verdict would be "We, the jury, find for the plaintiff the sum of twenty-six hundred dollars."

Error is enumerated on the direction of the verdict in favor of the plaintiff on defendant's cross action, the failure to direct the verdict and denial of motion for judgment notwithstanding the verdict in favor of the defendant, the virtual direction in the charge requiring a verdict in the named sum and the denial of appellant's motion for new trial, as amended.

The evidence is conflicting on many issues involved here, such as: (1) the existence of the dangerous defects in the steering section and whether or not the owner had knowledge thereof;

(2) the cause of the damage to the automobile and injury to its driver, whether due to the negligence of the driver or the dangerous defects alleged to be present in its steering section; (3) knowledge of the driver as to the dangerous defects in the steering section of the vehicle and continuing to drive it; (4) the driving of the automobile whether with or without consent; (5) the existence or non-existence of agency between the owner of the automobile as principal, and whether or not the alleged agent had authorization to sell it, or merely acted as an independent contractor; (6) the evidence of value arising from the fact the vehicle had been wrecked and repaired; the age and mileage driven, the defects and the resale value sought, as well as the expert opinion as to the fair market value prior to the collision, and fair market value after, and, finally, (7) the sufficiency of the evidence of agency to bind the principal.

1. Since a new trial will be required by the ruling in Headnote 3 below, no ruling is here made on the error in the charge as the instruction complained of and enumerated as error may not again occur.

2. The evidence being in conflict on the many issues to be determined by the jury, the lower court did not err in overruling appellant's motion for directed verdict and subsequent motion for judgment notwithstanding the verdict.

3. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." *Code* § 4-101. Proof of agency may be made by showing circumstances, apparent relations, and conduct of the parties. *Cable Co. v. Walker,* 127 Ga. 65 (56 SE 108); *Executive Committee v. Ferguson,* 95 Ga. App. 393 (98 SE2d 50); *King v. Towns,* 102 Ga. App. 895 (118 SE2d 121). It thus appears from the cases construing *Code* § 4-101 that agency may be proved by circumstantial evidence alone. While the evidence here is close, at most, as to the existence of agency between the body-shop owner and the auto agency, there is some circumstantial evidence from which the jury could have found that the body-shop owner had acted with authorization as salesman of used cars for the corporation. He had sold the plaintiff another car on another occasion although there was evidence from which the jury might have believed that it was two simultaneous sales. "The authority

of an agent in a particular instance need not be proved by an express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816), citing *Germain Co. v. Bank of Camden County,* 14 Ga. App. 88 (80 SE 302); *Patterson v. Southern R. Co.,* 41 Ga. App. 94 (1) (151 SE 818). Furthermore, "authority to an agent to do a thing generally includes authority to do everything necessary for the accomplishment of the main object." *Holman & Woods v. Ga. Railroad,* 67 Ga. 595 (3a); *Martin & Hicks v. Bridges & Jelks Co.,* 18 Ga. App. 24 (88 SE 747). Certainly the authority to sell contains the right to allow the prospective buyer to drive the car. The evidence here presented a jury question as to whether the individual from whom the defendant obtained the car was an agent and salesman of used cars for the plaintiff in the main action. *Hatcher v. Seitz,* 87 Ga. App. 787 (75 SE2d 273); *Bonner v. Cotton,* 223 Ga. 843 (3) (159 SE2d 61). If the court based its decision on the question of diligence and negligence of the defendant in its ruling here, these questions are peculiarly for determination by a jury. *Warnock v. Elliott,* 96 Ga. App. 778 (101 SE2d 591). Accordingly, the court erred in directing the verdict in favor of the plaintiff on defendant's cross action.

4. Except for the error shown above, the evidence was sufficient to support the verdict, and the general grounds of the motion for new trial are not meritorious. However, the error shown in Headnote 3 above requires the grant of a new trial.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

Submitted January 12, 1970—Decided February 6, 1970—Rehearing denied February 20, 1970.

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley,* for appellant.

*Seymour S. Owens,* for appellee.