### 45471. GRAY et al. v. AMERICAN BANK OF ATLANTA.

EVANS, Judge. On December 5, 1966, Ralph C. Gray and Mrs. Gwendolyn Gray executed a note to Programming & Systems Institute of Atlanta, Georgia, Inc., which note was transferred to American Bank of Atlanta. American Bank of Atlanta filed suit against the makers of the note, and they defended upon the ground that the note was usurious on its face, contending, therefore, that the plaintiff is not a holder in due course, and that there had been a total failure of consideration in that the original payee of the note had failed to supply the course of instruction in computer programming which was the consideration for the note. The defendants moved for summary judgment which was denied, and the trial court certified the order of denial for immediate review. The note attached to the petition shows it was for a definite sum payable by instalments, plus interest after maturity. *Held:*

1. The defendants could not ordinarily plead failure of consideration against an innocent holder in due course as to the note, but if it alleged and proved usury shown on the face of the note, the result would be to show that the holder, American Bank of Atlanta, was not a holder in due course. *Code Ann.* § 109A-3—302 (Ga. L. 1962, pp. 156, 252).

The note does not show on its face that same is usurious although there are notations thereon showing "rate 6" and "Int. 79.22 thereon"—but without any evidence as to when, where or how these notations first appeared on the note, what they mean, or who placed them thereon. It may well be that evidence could be

submitted sufficient to convince a jury that the note is in fact usurious, and, in such event, the defendants would be allowed to plead and prove failure of consideration against the holder or transferee of said note. But, when motion for summary judgment is under consideration "the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.* 106 Ga. App. 1 (1) (126 SE2d 442).

2. The evidence being insufficient to demand judgment for the defendants, the lower court did not err in denying summary judgment, thus holding these issues were for determination by a jury.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JULY 7, 1970—DECIDED SEPTEMBER 14, 1970.

*Smalley & Cogburn, Robert H. Smalley, Jr.,* for appellants.
*Seay & Sims, Marshall R. Sims,* for appellee.