47359.   BEARLUND v. WEBB et al.

Evans, Judge. The plaintiff, C. E. Webb, Jr., sued the defendant, Harry J. Bearlund, demanding judgment against the defendant for principal, interest and attorneys fees on a promissory note alleged to be past due and unpaid. Defendant had been notified of the intention to collect attorneys fees thereon. The plaintiff thereafter died, and his executors were substituted as parties plaintiff. The defendant answered, admitting execution of the note and alleging a failure of consideration and alleging further that he was induced by fraud and deceit to execute the note. Defendant likewise filed a counterclaim in which he sought damages for fraud and misrepresentation, in that plaintiff had induced him to leave his position of employment, to execute the note, and to form a corporation, in

all of which he was damaged by the repeated false representations of plaintiff and plaintiff's agents. Thereafter, plaintiffs filed a motion for summary judgment and motion to dismiss the defendant's counterclaim based upon the defendant's deposition. The court made certain findings of fact as follows: (1) the note is due and unpaid; (2) the proceeds of the note were used to purchase stock in Trinity Mobile Homes Corporation; (3) plaintiff's deceased and defendant were among the original ten promoters and equal stockholders of said corporation; (4) said corporation became bankrupt, and the stock purchased by the defendant with the proceeds of said loan is now worthless; (5) there is no evidence whatsoever that two of the other original promoters and equal stockholders were acting as agents for the plaintiff. Based upon the above findings the court rendered judgment, and held as follows: the promissory note is due and payable; there was no basis for the defense of failure of consideration because of the worthlessness of the stock purchased; there was no basis for the counterclaim of the defendant, and as all misrepresentations and statements of the alleged agents to defendant were in the nature of expectation and promises of future acts, same do not constitute fraud. The appeal is from said judgment, the appellant contending the court erred in sustaining the motion for summary judgment and motion to dismiss the defendant's counterclaim. *Held:*

Examination of the evidence discloses that the defendant was contacted by two of the original stockholders and promoters with certain inducements to get him to quit his position of employment and to join with them and the plaintiff in the organization of the corporation which later became bankrupt. The defendant testified that these two promoters represented the plaintiff; that the plaintiff was an extremely wealthy man and that under no circumstances would the corporation "be allowed to falter for lack of capital," and that the financing was to be done by the plaintiff; that defendant had talked with the

plaintiff personally, who "corroborated the statements . . . made"; that plaintiff stated everything the promoter said to him "was right"; that he was told by the plaintiff, "don't worry about money—just get this thing rolling—get it started"; that defendant was a mere minority stockholder (10%) which was paid for by the note, although the promoters had promised to give him the stock; that when interest payments became due on the note he was advised by the promoters not to worry about it; that he advised them it would take at least $500,000 capital to get the company going, but they advised him that they could get it going for less than that; that they were going to take care of the financing and as a result thereof only less than one-half of the funds needed to really get the corporation started were ever put in the company and that the plaintiff was going to put in additional money to keep the operation going. The money never came through, defendant made efforts to obtain a purchaser for the company; the others refused to accept the offer, and the corporation was allowed to go bankrupt without any prior knowledge on his part.

Construing the above testimony most strongly in favor of the defendant, as we must on plaintiff's motion for summary judgment, an inference arises that the stock was not to cost defendant anything unless the corporation became a success. Further, the question of fact remains as to whether the corporation was ever paid for the stock by the plaintiff. Also, the evidence shows the misrepresentations and inducements made to the defendant were made to him by the agents of the plaintiff. In *Fordham v. Garrett-Schwartz Motor Co.*, 121 Ga. App. 237 (3) (173 SE2d 450), we find the following: "'The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf.' *Code* § 4-101. Proof of agency may be made by showing circumstances, apparent relations, and conduct of the parties. *Cable Co. v. Walker*, 127 Ga. 65 (56 SE 108);

*Executive Committee v. Ferguson,* 95 Ga. App. 393 (98 SE2d 50); *King v. Towns,* 102 Ga. App. 895 (118 SE2d 121)." Hence, agency may be proved by circumstantial evidence alone.

Although the worthlessness of the stock does not constitute a failure of consideration for the note given in exchange for it (see *Farrell v. Barrett,* 45 Ga. App. 104 (163 SE 217); and *Goodwyn v. Folds,* 30 Ga. App. 204 (1) (117 SE 335)), neither the defense of failure of consideration nor the cross action has been eliminated from this case. Accordingly, the court erred in sustaining the motion and in awarding judgment in favor of the plaintiff.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
ARGUED SEPTEMBER 5, 1972—DECIDED NOVEMBER 15, 1972.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellant.
*George T. Talley,* for appellees.