47383. VERDDIER v. NEAL BLUN COMPANY et al.

STOLZ, Judge. This is a products liability case. Mariah Verddier sued Frantz Manufacturing Co., the

manufacturer; Neal Blun Co., its alleged agent and distributor of its products in the State of Georgia; and George Doukas, the owner of the property in whose home she was employed as a maid, and where she was injured by the use of the product on the day the alleged injury occurred. Plaintiff's injury occurred when her finger was amputated in the closing of a garage door. Certain aluminum strips in the door became a lethal instrument as she attempted to close the garage door and the folding panels of the door amputated her finger.

Based upon the pleadings, interrogatories and certain affidavits in the record, Neal Blun Co., moved for judgment on the pleadings, which was treated as a motion for summary judgment. The motion was sustained and judgment entered dismissing this defendant from the proceeding. Appeal is from that judgment. *Held:*

In her complaint, insofar as it relates to defendant Neal Blun Co., the plaintiff alleges that Blun "is and was at all times material to this action the agent of the above named corporate defendant [defendant Frantz Manufacturing Co.], engaged in distributing the products of the latter." In answer to an interrogatory the plaintiff stated that Blun was sued as "the supplier of the garage door." No acts of negligence are alleged against Blun in the complaint or are shown in any of the answers to interrogatories and affidavits in support of or opposing the motion for summary judgment. Certain negligent acts are alleged against the manufacturer (defendant Frantz Manufacturing Co.) but not against the alleged agent and distributor, Blun. It is elementary that the principal is liable for the torts of its agent committed within the scope of his authority. Code §§ 105-108, 4-311. However, it is generally recognized that an agent is not liable to third persons for the failure of the principal to discharge

affirmative duties which the principal may owe. *Kimbrough v. Boswell,* 119 Ga. 201 (45 SE 977). It thus appears that there is no basis for an ex delicto action by the plaintiff against defendant Blun.

As the same applies to actions ex contractu, the plaintiff's claim against defendant Blun is controlled by Code Ann. § 109A-2—318 (Ga. L. 1962, pp. 156, 191) to wit: "A seller's warranty whether expressed or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

The evidence, construed most favorably for the plaintiff and against the defendant as movant for summary judgment, at most shows that the garage door was manufactured by defendant Frantz Manufacturing Co., which sold the same to Neal Blun Co., which in turn sold the same to one Terry Harmon, a subcontractor on the house being constructed by one Dan McGee, which said house was subsequently purchased by defendant Doukas, the plaintiff's employer.

It is uncontroverted that the plaintiff was employed by defendant Doukas as a maid at the time she sustained the injury complained of. As such, the plaintiff simply does not fall into the category of persons benefiting from an implied warranty under Code Ann. § 109A-2—318, supra. Further, under this statute, a warranty does not run with the article sold except as specified therein. See *Smith v. Williams,* 117 Ga. 782, 784 (45 SE 394, 97 ASR 220) for the rule prior to Ga. L. 1957, p. 405 (formerly Code Ann. § 96-307) which was repealed with enactment of the UCC in 1962 (Ga. L. 1962, pp. 156, 427).

In this case there is no privity between the plaintiff and

the defendant Neal Blun Co., as heretofore noted. No negligence is alleged against defendant Neal Blun Co. in the plaintiff's complaint or shown by any evidence. Consequently, the trial court was correct in sustaining the defendant Neal Blun Co.'s motion for summary judgment.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J.,Deen, Quillian and Clark, JJ., concur. Pannell, J., concurs in the judgment only. Evans, J., dissents.*

ARGUED SEPTEMBER 5, 1972 — DECIDED FEBRUARY 28,1973.

*Calhoun, Sims & Donaldson, R. B. Donaldson, Jr., Alton Kitchings,* for appellant.

*Falligant, Doremus & Karsman, Stanley Karsman,* for appellees.

EVANS, Judge, dissenting. Mariah Verddier sued Frantz Manufacturing Co., the manufacturer; Neal Blun Co., its alleged agent and distributor of its products in the State of Georgia; and George Doukas, the owner of the property in whose home she was employed as a maid, and where she was injured by the use of the product on the day the alleged injury occurred. Plaintiff's injury occurred when her finger was amputated in the closing of a garage door. Certain aluminum strips in the door became a lethal instrument as she attempted to close the garage door, and the folding panels of the door amputated her finger.

Based upon the pleadings, interrogatories and certain affidavits in the record, Neal Blun Company moved for judgment on the pleadings, which was treated as motion for summary judgment. The motion was sustained and judgment entered dismissing this defendant from the proceeding.

Affidavits were submitted for the purpose of showing that movant was not the agent of the manufacturer, but

only a customer; sales being made to it in Illinois by and through a manufacturer's representative who is an independent contractor and "acting as mill agents." However, plaintiff offered opposing affidavits to show that the installer, upon a request to install this particular door, was advised by the defendant manufacturer at its home office that "Neal Blun was the distributor in Savannah and if I [he] wanted to buy [it] in Savannah ...I... [he] would have to buy from Neal Blun Company"; and that the door was subsequently purchased from the distributor and installed "as it came packed from the company equipped with aluminum strips covering the space between the panels." Attention is directed to the failure to specify which "company" is referred to in the foregoing affidavit. Webster's New International Dictionary defines a distributor as *an agent or agency* for marketing manufactured goods, usually in a particular territory. Under such cases as *Burnette Ford v. Hayes,* 124 Ga. App. 65 (183 SE2d 78); *Gray v. American Bank of Atlanta,* 122 Ga. App. 442 (177 SE2d 207); and *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (181 SE2d 77) the movant in a summary judgment proceeding must conclusively demonstrate there is no element which would entitle the other party to recover against him, and such evidence must be construed most strongly against the movant and in favor of the opposing party. The evidence here creates an inference of agency since, clearly, Neal Blun Company is the agent of the manufacturing defendant, at least for certain purposes. The law creates the relation of principal and agent if the parties, in the conduct of their affairs, actually place themselves in such a position as requires the relationship to be inferred, and circumstantial evidence is often used to prove agency. See *Cable Co. v. Walker,* 127 Ga. 65 (56 SE 108); *Executive Committee v. Ferguson,* 95 Ga. App. 393 (4) (98 SE2d 50); *King v. Towns,* 102 Ga. App. 895 (4) (118 SE2d 121); *Fordham v. Garrett-Schwartz Motor Co.,*

121 Ga. App. 237 (3) (173 SE2d 450).

The majority contends that "certain negligent acts are alleged against the manufacturer (Frantz Manufacturing Co.) but not against the alleged manufacturer and distributor Blun," but the pleadings do not support this contention. The complaint names *two corporate defendants,* to wit: Frantz Manufacturing Company (a foreign corporation) and Neal Blun Company (a Chatham County corporation). Then the complaint proceeds to allege that certain negligence was committed by "the corporate defendant," *without specifying which corporate defendant,* and under our notice pleadings, same must be construed most favorably to the pleader. In paragraph 4 the complaint alleges:

"(4) Said accident was caused by the negligence of *the corporate defendant,* which negligence consisted, among other things, of the following:

"(a) Failure to warn by statement on the garage door, in any manner, of the danger to be encountered when attempting to close the door.

"(b) Failure to warn that the door is equipped with sharp aluminum strips at the bottom of each panel which closes in an guilotine [sic] like manner as the door is closed from an overhead position.

"(c) Failure to warn that by so closing, the aluminum strips would become a lethal instrument, causing permanent and disabling injury should a finger or hand of a user of said product be caught between the panels.

"(d) Failure to design the garage door in such a manner as to avoid or minimize the extreme risk to users of the door should the aluminum strips attached to each panel come in contact with a part of the body of a user of said product." (Emphasis supplied.)

Thus, it will be seen that four separate acts of negligence are alleged against "Blun"—contrary to the statement set forth in the majority opinion.

If we construed the pleadings most strongly against the

pleader under the old system, the majority would be correct, as we would have to construe the pleadings of negligence as being against the manufacturer. But under the rules as to notice pleadings, we cannot construe the pleadings most strongly against the pleader; on the contrary they must be construed most strongly in favor of the pleader. *Harper v. DeFrietas,* 117 Ga. App. 236-238 (160 SE2d 260). The movant went to great lengths in attempting to show Neal Blun Co. was neither agent nor distributor but an independent contractor in this case. The evidence in the affidavits was conflicting; thus I believe the court erred in sustaining the motion for summary judgment. There simply is not enough evidence for us to say, as a matter of law, that no complaint is alleged against the defendant Neal Blun Co. The installer states the door was subsequently purchased from the distributor and installed, "as it came packed from the company equipped with aluminum strips covering the space between the panels." What company? Manufacturer? Distributor? Does it mean "company" in the sense of manufacturer or in the sense of distributor? We cannot say, but must construe it most strongly against the movant, the defendant here. While the plaintiff could have been more specific in her pleadings, nevertheless, under the rule pertaining to notice pleadings she does not have to do any more than name the defendants and state her complaint.

For all the foregoing reasons, I dissent. I would reverse the judgment of the lower court.