50444. WEAVER v. RALSTON MOTOR HOTEL, INC., et al.

Marshall, Judge.

The question presented by this appeal is whether or

not the plaintiff, Weaver, was a "buyer" within the meaning of the warranty provisions of Article 2 of the Uniform Commercial Code when he "charged" gasoline to his employer's account and the gasoline allegedly caused him injury.

Weaver was an employee of Reid Furniture Company and, in the course of his employment, regularly drove a truck owned by his employer. On the day in question, Weaver obtained gasoline for the truck from the defendant, Ralston Service Station, and signed a ticket charging the gasoline to his employer. In his complaint Weaver alleges that the gasoline contained water which caused the truck to break down on the road and, that, while disabled, the truck was hit by another vehicle causing serious injury to Weaver.[1] He brought the action for negligence against the oil company, the service station and the driver of the other vehicle. By amendment to his complaint, Weaver brought four additional counts against the defendant service station for breach of (1) express warranty by description (Code Ann. § 109A-2—313 (1) (b)); (2) implied warranty of fitness for the particular purpose (Code Ann. § 109A-2—315); (3) implied warrant of merchantability (Code Ann. § 109A-2—314 (1) and (2) (c)); (4) warranty by course of dealing (Code Ann. § 109A-2—314 (3)). The service station moved for summary judgment as to all breach of warranty counts, leaving the negligence count pending for trial.

The trial court granted the motion, and Weaver appeals contending that he was a "buyer" and should therefore be entitled to pursue the breach of warranty counts against the service station. The service station contends that Weaver was not the "buyer" and was not within the class of beneficiaries to which the General Assembly intended to extend the protections of sellers

---

[1]Under these facts, we have grave doubts as to whether or not his injuries "proximately result[ed]" from the breach of warranty (see Code Ann. § 109A-2—715 (2) (b)), but since that question was not raised by the parties, we specifically do not decide it.

warranties under Article 2 of the U.C.C.[2] *Held:*

The precise question has not heretofore been presented in Georgia courts. However, in Yentzer v. Taylor Wine Co., 414 Pa. 272 (199 A2d 463), the Pennsylvania Supreme Court found that an employee who "charged" the purchase of a bottle of liquor (which caused him injury) to his employer was a "buyer" and therefore entitled to protection of sellers warranties under the U.C.C. See also Woodrick v. Smith Gas Service, 87 Ill. App. 2d 88 (230 NE2d 508) where the court found no infirmity to the plaintiff's right to sue for breach of warranty by virtue of the fact that the employer of plaintiff's husband actually paid the bill for a defective item charged by the plaintiff's husband to his employer's account. But see comment in 6B Willier & Hart, U.C.C. Reporter-Digest § 2-318, A-11, where it was said that the Yentzer case, supra, was based on "unfortunate rationale."

Although the Yentzer and Woodrick cases, supra, stand for the proposition asserted by Weaver, we choose not to follow them. A "buyer," as used in Article 2 of the U.C.C., is defined as "one who buys or contracts to buy." Code Ann. § 109A-2—103 (1) (a). A buyer is not defined as one who buys on behalf of another or as the agent of another. The real buyer in this case is the employer who is the owner of the truck and of the fuel for which he pays to run the truck. Even though the fuel is not delivered directly to the employer but is instead consumed by the employee's operation of the truck, the fuel is ultimately consumed for the benefit of the employer. The truck and the fuel were being used here in the pursuit of the employer's business. And there is no question that Weaver was acting as the agent of his employer when he

---

[2]Georgia adopted "Alternative A" of the Official Edition of the U.C.C. which extended sellers warranties only to "any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Code Ann. § 109A-2—318.

charged the gasoline in his employer's name and that the employer paid for the gasoline so charged by Weaver.

An agent for a disclosed principal who acts within his authority and in a representative capacity cannot be held liable in an action against him for a contract made by him as an agent for the principal. Code § 4-406; *Burton v. Meinert & Miller,* 136 Ga. 420 (1) (71 SE 870); *Washburn Storage Co. v. Elliott,* 93 Ga. App. 456 (2) (92 SE2d 28) *Cambridge v. Bache,* 25 Ga. App. 815 (104 SE 914); *Echols v. Howard,* 17 Ga. App. 49 (86 SE 91). Conversely, an action cannot be maintained by such an agent against one who contracts with the agent solely as agent for a disclosed principal. Ga. L. 1949, p. 455 (Code Ann. § 3-108); Code § 4-404, R. C. Craig, Ltd. v. Ships of Sea, Inc., 345 FSupp. 1066. In other words, where the principal is disclosed and the agent acts within his authority the contract runs between the person extending credit and the agent's principal; the agent derives no direct benefit from the contract (Restatement Agency 2d § 320 (1958)). In the context of warranties under a contract, this means that the warranties run from the seller to the buyer, not between the effectuating agents of the two entities. Weaver acquired no interest in the gasoline simply because he was the purchasing agent of his employer. See Code Ann. § 109A-1—201 (32, 33) for definition of "purchaser." We must conclude that he was not the "buyer" but the mere agent of the buyer to whom the sellers warranties of the U.C.C. did not extend.

Nor may Weaver recover as an employee of a buyer. Regardless of the merits of the arguments for the abolition of privity (see dissenting opinion as to vertical privity in express warranties in *Stewart v. Gainesville Glass Co.,* 233 Ga. 578 (212 SE2d 377)), it is still a requirement for breach of warranty actions in Georgia. *Stewart v. Gainesville Glass Co.,* 131 Ga. App. 747 (206 SE2d 857), affirmed in 233 Ga. 578, supra; *Chaffin v. Atlanta Coca Cola Bottling Co.,* 127 Ga. App. 619 (194 SE2d 513). Georgia courts have consistently refused to expand the class of those excepted from the horizontal privity requirement by Code Ann. § 109A-2—318, footnote supra, to include employees of the buyer, such as the plaintiff here. *Parzini v. Center Chemical Co.,* 134 Ga. App. 414 (1)

(214 SE2d 700); *Verddier v. Neal Blun Co.,* 128 Ga. App. 321 (196 SE2d 469). We cannot logically extend the warranty provisions to the present employee simply because he procured the product for his employer and not extend them to other employees who may be injured thereby but who did not procure the product. The plaintiff in this case is on the same footing as any other employee of the buyer-employer.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JULY 14, 1975 — REHEARING DENIED JULY 31, 1975 — 

*Roberts, Moore & Worthington, Samuel W. Worthington, III, Walter Degenhardt,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, John W. Denney, James H. Fort, Charles T. Staples,* for appellees.