Elizabeth **WATKINS**, Plaintiff-Appellant,

v.

**BARBER–COLMAN COMPANY, INC.,**
**Defendant-Appellee.**

No. 80–7295

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B.

Sept. 12, 1980.

Pope, Hermann & Lewis, C. Neal Pope, Phenix City, Ala., for plaintiff-appellant.

Page, Scrantom, Harris, McGlamry & Chapman, Max R. McGlamry, Columbus, Ga., for defendant-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

RONEY, Circuit Judge:

In this Georgia diversity products liability action, we sustain the summary judgment for defendant as to the strict liability and breach of warranty counts under the substantive law of Georgia, but reverse the district court's determination that the negligence count is barred by the statute of limitations.

The following facts are undisputed. On February 28, 1978, plaintiff injured her right hand and arm while working at a machine called a Barber-Colman Warper, used in the processing of cotton. The machine had been manufactured, sold and delivered by defendant to plaintiff's employer in 1940. Plaintiff had worked at the mill for some 18 years and had 16 years experience operating this particular machine.

Plaintiff's complaint, filed September 21, 1979, alleged defendant manufacturer was liable on three theories: strict liability in

tort; breach of warranty; and negligence in the design, construction, and installation of the machine and in failing to warn of its attendant dangers.

### Strict Liability

■ The district court correctly determined that defendant was entitled to judgment on the strict liability count. In Georgia there is no common law cause of action for strict liability in tort. *Wansor v. George Hantsho Co.*, 243 Ga. 91, 252 S.E.2d 623 (1979). *See also Whitaker v. Harvell-Kilgore Corp.*, 418 F.2d 1010, 1018 (5th Cir. 1969); *Friend v. General Motors Corp.*, 118 Ga.App. 763, 165 S.E.2d 734, 739 (1968) (Pannel, J. dissenting), *appeal dismissed*, 225 Ga. 290, 167 S.E.2d 926 (1969). Instead, such a cause of action must be based on a 1968 statute codified at Ga.Code Ann. § 105–106 (1979 Supp.). The Georgia Supreme Court held in *Wansor v. George Hantsho Co.*, 243 Ga. at 91, 252 S.E.2d at 623, that the statute creates liability only in the case of personal property sold after 1968. Since the machine here was sold in 1940, plaintiff cannot recover on a claim for strict liability in tort.

### Breach of Warranty

■ The district court correctly determined that plaintiff lacked privity with defendant and therefore could not recover on a breach of warranty theory. Ga.Code Ann. § 105–106(a) requires privity to support an action for violation of a warranty, whether expressed or implied, except as provided in Ga.Code Ann. § 109A–2–318 (1979). *Ellis v. Rich's, Inc.*, 233 Ga. 573, 212 S.E.2d 373 (1975); *Stewart v. Gainesville Glass Co.*, 233 Ga. 578, 212 S.E.2d 377 (1975). An exception is provided in Ga.Code Ann. § 109A–2–318 which states:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. . . .

This exception does not apply in this case because plaintiff was neither in the family or household nor a guest in the home of the buyer. *See Verddier v. Neal Blun Co.*, 128 Ga.App. 321, 196 S.E.2d 469 (1973). It has been held in a number of cases that employees of a purchaser do not have privity with the manufacturer. *Weaver v. Ralston Motor Hotel, Inc.*, 135 Ga.App. 536, 218 S.E.2d 260 (1975); *Parzini v. Center Chemical Co.*, 134 Ga.App. 414, 214 S.E.2d 700, *rev'd on other grounds*, 234 Ga. 868, 218 S.E.2d 580 (1975); *Verddier v. Neal Blun Co.*, 128 Ga. App. at 322, 196 S.E.2d at 470; *Revlon, Inc. v. Murdock*, 103 Ga.App. 842, 120 S.E.2d 912 (1961). Defendant was entitled to judgment on the breach of warranty count.

### Negligence

■ The district court held that recovery on the negligence count was barred by the 10-year after date of sale provisions of Ga. Code Ann. § 105–106(b)(2) (1979 Supp.). Subsection (b), as amended in 1978, reads as follows:

(1) The manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained.

(2) No action shall be commenced pursuant to this subsection with respect to an injury after 10 years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.

(3) A manufacturer may not exclude or limit the operation of this subsection.

Relying on the reasoning in *Johnson v. Star Machinery Co.*, 270 Or. 694, 530 P.2d 53 (1974), the district court determined that the public policy of the State of Georgia was that all actions in tort for personal

injury against manufacturers must be commenced within 10 years of the date of the first sale and concluded that the 10-year limitation period in the strict liability statute should apply to plaintiff's negligence theory.

The district court apparently overlooked the fact that the 10-year limitation period in subsection (b)(2) was added in 1978, effective *after* the date of plaintiff's injury. The court's determination, consequently, missed the mark. The issue the court should have initially confronted was not whether the strict liability statute of limitations should be extended to bar plaintiff's negligence count, a point which it is unnecessary to decide, but whether, even if it does control negligence actions, it could apply to an accident which occurred prior to the enactment of the limitations statute. That point is controlled by Georgia's rule concerning the retroactive application of statutes. In *Jaro, Inc. v. Shields*, 123 Ga. App. 391, 181 S.E.2d 110 (1971), the court considered the applicability of Ga.Code Ann. § 3–1006 (1975), which bars recovery for deficiencies in the planning, design or construction of improvements to real property more than eight years after the completion of the improvement. The alleged negligence and the completion of the improvements occurred in 1960, the effective date of the statute was in 1968, and plaintiff's action was filed in 1969. Citing the well established rule in Georgia law that a statute cannot have retroactive application unless the language of the statute imperatively requires it, the court held the statute of limitations could not be applied to bar plaintiff's action. Ga.Code Ann. § 102–104 (1968); *Town of Lyerly v. Short*, 234 Ga. 877, 218 S.E.2d 588 (1975); *Walker County Fertilizer Co. v. Napier*, 184 Ga. 861, 193

S.E. 770 (1937); *Bussey v. Bishop*, 169 Ga. 251, 150 S.E. 78 (1929); *Leathers v. Turner*, 75 Ga.App. 62, 41 S.E.2d 921 (1947).

This case comes squarely within that holding. The statute here is similar in purpose and effect to the statute in *Jaro*. The injury occurred prior to the effective date of the statute and the action was filed after that date. No language in the statute imperatively requires its retroactive application. We hold that the statute of limitations in Ga.Code Ann. § 105–106(b)(2) does not apply to this action.

■  At the time of plaintiff's injury, her action had to be brought within two years of the date of injury. Ga.Code Ann. § 3–1004 (1975); *Everhart v. Rich's, Inc.*, 229 Ga. 798, 194 S.E.2d 425 (1972). Since plaintiff's action was filed within that period, summary judgment as to her negligence claim was improper.

The judgment of the district court granting summary judgment as to the strict liability count and the breach of warranty count is affirmed. The judgment of the district court granting summary judgment as to the negligence count on the ground that it was barred by the limitations statute is reversed. The case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART,

REVERSED AND REMANDED IN PART.