## 65319. NATIONAL PROPERTY OWNERS INSURANCE COMPANY v. WELLS.

QUILLIAN, Presiding Judge.

From the denial of defendant the National Property Owners Insurance Company's motion for summary judgment, we granted an application for interlocutory review. The plaintiff Wells sought to recover no-fault benefits for treatment of his wife arising out of an automobile collision. In the complaint it was alleged that plaintiff purchased a policy of insurance from National Property Owners Insurance Company through its agents Faterrell Showers, Akron Insurance Agency, Inc. and Atlanta Insurance Agency. It was also alleged that the plaintiff paid the premiums in a timely manner and was insured at the time of the incident in question. The complaint sought recovery under the terms of the policy plus damages for bad faith and attorney fees.

National Property filed an answer denying the material allegations of the complaint. It asserted that there was no contract in existence between the plaintiff and National Property at the time in question; that a prior policy had expired and had not been renewed.

Based on various exhibits, the pleadings and an affidavit, National Property moved for summary judgment. After a hearing, this motion was denied. Error is enumerated on the failure to grant such motion.

In our consideration of this matter, the following pertinent facts appear of record. The original policy was effective April 4, 1980 and expired April 4, 1981. Plaintiff paid $193 and received a receipt from National, Showers, Akron Insurance, and Atlanta Insurance. The insured's copy showed: "Agent Akron Ins. Agcy. Inc." National sent a letter to Wells on February 10, 1981 notifying him of the expiration of the policy, with a copy to "Akron." The notification set forth the expiration date ("04-04-81"), a premium of $209 or minimum payment of $83.60, and recited: "Your present policy expires as of the Expiration Date shown above. If the Premium Due for renewal is not received by the Due Date shown above, by the terms and conditions

of the above mentioned policy, this company will have no obligation to renew the policy and coverage will terminate on the Expiration Date shown above."

No response was made and no money paid directly to National Property. However, on May 5, 1981 there was a payment by plaintiff, as evidenced by a receipt to the plaintiff from Atlanta Insurance by Faterrell Showers for $83.60. The automobile "accident" occurred on June 23, 1981.

The affidavit by the vice president of National Property recounted that a policy was issued to the plaintiff through the assigned risk program based on an application completed by plaintiff through his insurance agent, Showers and Akron Insurance; that at no time have Showers, Akron Insurance or Atlanta Insurance been authorized agents of National Property; that no premium was ever received after mailing the notice on Februrary 10, 1981, and the policy expired on April 4, 1981. *Held:*

1. Here we have a failure to renew an insurance policy and not a cancellation. See OCGA § 33-24-45 (formerly Code Ann. § 56-2430.1). Compare *Penn. Nat. Mut. Cas. Ins. Co. v. Person,* 164 Ga. App. 488, 489 (297 SE2d 80) and cases therein cited. As held in *Nat. Indem. v. Berry,* 136 Ga. App. 545, 549 (221 SE2d 624), "The purpose of Code Ann. § 56-2430.1 (C), supra, is to provide the insured with notice as to the status of his policy. When the record affirmatively shows compliance with the statute by the insurer, knowledge of the policy's status, and admitted inactivity and nonresponse by the insured to effect a renewal thereof, the law should not create a contractual relationship due to after-the-fact circumstances. On the date of the collision in question, the liability insurance policy issued by National Indemnity Co. to Richard Berry had expired and afforded no insurance coverage to its holder." Accord, *Whitlock v. Dairyland Ins. Co.,* 160 Ga. App. 113 (286 SE2d 343).

In the case sub judice the policy had expired and there was no coverage unless either Showers, Akron Insurance, or Atlanta Insurance was acting as agent for National Property so that payment to one of them would constitute payment to National Property.

2. While insurance agents or brokers may be considered as "dual" agents, or agents for both the insurer and the insured (see *Spratlin, Harrington & Thomas v. Hawn,* 116 Ga. App. 175, 178 (1) (156 SE2d 402); *Wright Body Works v. Columbus &c. Agency,* 233 Ga. 268 (210 SE2d 801); *Hodges v. Mayes,* 240 Ga. 643 (242 SE2d 160); *Speir Ins. Agency v. Lee,* 158 Ga. App. 512 (281 SE2d 279)), normally such insurance representatives are independent insurance brokers and are the insured's agents, not those of the insurer. *Creative Underwriters v. Heilman,* 141 Ga. App. 740 (234 SE2d 371);

*Kersey v. State Farm &c. Ins. Co.,* 148 Ga. App. 763 (252 SE2d 670).

In the case sub judice the plaintiff alleged that Showers, Akron Insurance, and Atlanta Insurance were agents of National Property. National Property introduced an affidavit by one of its officers which categorically denied they were its agents.

As pointed out in *Stewart v. Ga. Mutual Ins. Co.,* 159 Ga. App. 91, 92 (282 SE2d 728) "proof of agency can be shown . . . by circumstantial evidence, apparent relations, and conduct of the parties." Accord, *Fordham v. Garrett-Schwartz Motor Co.,* 121 Ga. App. 237 (173 SE2d 450); *Bearlund v. Webb,* 127 Ga. App. 555 (194 SE2d 328); *Arrington & Blount Ford, Inc. v. Jinks,* 154 Ga. App. 785, 787 (270 SE2d 27); *Collins v. Martin,* 157 Ga. App. 45 (276 SE2d 102). Nevertheless, "[i]t has long been the Georgia rule that one who is a party to the relationship (the principal or agent) may testify as a fact as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact." *Salters v. Pugmire Lincoln-Merc., Inc.,* 124 Ga. App. 414, 415 (184 SE2d 56). Accord, *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 453 (191 SE2d 121); *Oglesby v. Farmers Mut.,* 128 Ga. App. 387, 389 (5) (196 SE2d 674); *Stone v. First Nat. Bank,* 159 Ga. App. 812, 814 (4) (285 SE2d 207).

Since an " 'assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties,' " such a statement may not be disregarded by the trial court. *Lewis v. Citizens &c. Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765), and is sufficient to support a motion for summary judgment. *Withrow Timber Co. v. Blackburn,* 244 Ga. 549, 551 (261 SE2d 361).

Here the denial of agency effectively pierced the plaintiff's pleadings and placed on him the burden of showing the fact of agency. Having failed to do so, he must suffer the consequences. Summary judgment for the defendant was demanded and the trial judge erred in denying its motion.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 15, 1983.

*Ervin H. Gerson,* for appellant.
*Sandra K. Bell,* for appellee.