## JONES *v.* KERN.

1. From the 6th day of May to the 6th day of August, in a given year, is more than three months.
2. No lien for material furnished for the improvement of realty can arise under section 2801 of the Civil Code, unless, as provided in section 2804, the claim of lien be recorded within three months after such material shall have been furnished. The mere fact that such claim was filed for record before the expiration of the three months, would not suffice to meet this plain requirement of the law.
3. The registry act of 1889 does not change the rule above announced, for the reason that actual recording is·indispensable to the creation of a lien of this character.

Submitted April 20, — Decided May 22, 1897.

Levy and claim. Before Judge Butt. Muscogee superior court. May term, 1896.

*Battle & Miller,* for plaintiff.
*H. C. Cameron* and *W. H. McCrory,* contra.

LUMPKIN, P. J. On January 18, 1894, Jones, in a suit to foreclose a materialman's lien, obtained a judgment against Coleman. An execution issuing from this judgment was subsequently levied upon a house and lot, to which a claim was interposed by Kern. On the call of the case for trial, the claimant made a motion to dismiss the levy, on the ground that the claim of lien asserted by Jones had not been actually recorded within the time prescribed by law, it appearing from the declaration filed in the suit against Coleman that the material furnished by Jones had been delivered between February 10th and May 6th, inclusive, whereas the latter's claim of lien was not recorded until August 6th thereafter. In resistance to this motion, the plaintiff insisted, (1) that the record on the date last mentioned was within the three months limitation; and (2) that even were this not so, his claim of lien having been filed for record on August 5th, it took effect from that date, the filing thereof being such a record, in contemplation of law, as would save the lien.

The motion to dismiss the levy was sustained, and the plaintiff in execution now complains that this was error.

1. Although in some jurisdictions a different method of computation is employed, the rule of force in this State is, that

where a definite period is fixed by law within which a given right or privilege is to be taken advantage of, the first day upon which that right or privilege could lawfully have been asserted is to be considered the date upon which the period of limitation commenced to run, and that day is to be included in the computation where any question arises as to whether such right or privilege was exercised in time. See *Peterson* v. *Georgia Railroad Co.*, 97 *Ga.* 798, and the cases there cited. Applying this rule to the present case, it follows that from the 6th day of May to the 6th day of August, in a given year, is more than three months.

2. It is obvious, therefore, that the plaintiff's claim of lien was not actually recorded within three months from the date on which he completed delivery of the materials furnished by him. This being so, it is immaterial when he filed his claim for record. It has been uniformly held by this court that no lien can arise under section 2801 of the Civil Code, unless, as provided in section 2804, the claim of lien be recorded within three months from the date it could lawfully be asserted. "The code is express that to make good the liens specified in § 1979 [now § 2801], they must be created and declared in accordance with certain provisions, one of which is the recording of the claim of lien within" the time prescribed by law. *Filer & Stowell Co.* v. *Empire Lumber Co.*, 91 *Ga.* 659. Formerly only thirty days were allowed, whereas now a period of three months is given.

The mere filing of the claim of lien within the time limited will not suffice. Upon this point, the decision rendered in the case of *Benson* v. *Green*, 80 *Ga.* 230, is controlling. It was there held that "Where a mortgage was presented to the clerk of the superior court for record in time, but was not actually recorded within the time required by law, it is not to be considered as duly recorded, so as to retain its lien in preference to a judgment obtained after it was made but before it was actually spread upon the record, although the clerk made a minute upon it (under § 267 of the code) that it was filed at a certain time. The filing for record is one thing, and the recording another."

3. The registry act of 1889 has no application to a lien arising under section 2801 of the Civil Code. That act does declare that "deeds, mortgages and liens of all kinds, which are now required by law to be recorded," shall, as against third persons acting in good faith and without notice, take effect "from the time they are filed for record in the clerk's office"; but, obviously, where actual recording is made by law an indispensable prerequisite to the *creation* of a lien, it can not be said to exist until this express requirement has been complied with, and thereafter there would, of course, be no occasion for filing the same for record in order to affect innocent third persons. In other words, a lien must be in esse, not merely conceived and in an inchoate state, before the provisions of the act in question could have any application.

*Judgment affirmed. All the Justices concurring.*