### 8662. OHIO BLOWER COMPANY *v.* SAVANNAH LIGHTING COMPANY *et al.*

To make good the lien of a materialman for material furnished, it is necessary that his claim of lien be recorded "within three months after the completion of the work, or within three months after such material . . is furnished, in the office of the clerk of the superior court in the county where such property is situated." The mere filing of such a claim is insufficient.

> DECIDED DECEMBER 14, 1917.

Lien foreclosure; from Chatham superior court—Judge H. C. Hammond presiding. December 8, 1916.

*G. W. Owens,* for plaintiff. *Adams & Adams,* for defendant.

BLOODWORTH, J.   The Ohio Blower Company, alleging that it. is "a materialman and manufacturer," brought suit against Lightman, McDonald & Company as contractors, the Savannah Lighting Company, and the Savannah Lumber Company, for material furnished for improving a described lot of land, the property of the Savannah Lumber Company, "and the Savannah Lighting Company having a leasehold interest in said lot of land." The plaintiff amended his petition in part as follows: "that on the 1st day of January, 1910, the Savannah Lumber Company leased to the said Savannah Lighting Company one and 62/100 acres of said 22 1/10 acres of land, for the term of fifty years, beginning on the first day of January, 1910, ending the first day of January, 1960." There is no allegation in the petition that the plaintiff has *recorded* his lien, as provided in the Civil Code (1910), § 3353, par. 2, the petition alleging: "this lien being *filed* within three months from the date when said material was furnished." There is no prayer in the amendment for any lien; and the prayer of the original petition is as follows: "Your petitioner prays it may have judgment against the said Lightman, McDonald & Company for its debt aforesaid, and the interest thereon, and against said Savannah Lighting Company, and that said judgment be declared to be a lien on the premises above described, as owned by said Savannah Lumber Company and said Savannah Lighting Company." In no event could any judgment be rendered, under the allegations in the petition, against the Savannah Lumber Company, as it sustained no contractual relations of any kind with the plaintiff. We doubt very seriously whether the prayer quoted above would be sufficiently definite to authorize a lien and judgment against any interest the Savannah Lighting Company might have in the property described; yet the failure to allege compliance with the code section referred to above, and failure to record the claim of lien within three months after the material was furnished, is fatal to the plaintiff's case. The allegation that the claim was *filed* for record is not sufficient. The court properly sustained the demurrer to the petition. *Jones* v. *Kern,* 101 *Ga.* 309 (28 S. E. 850).

   *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*