45696. JARO, INC. et al. v. SHIELDS et al.

BELL, Chief Judge. The Act of March 8, 1968 (Ga. L. 1968, pp. 127-129; *Code Ann.* § 3-1006 et seq.), provides for a statute of limitation for actions to recover damages for deficiencies in connection with improvements to real property. Section 1 of the Act states that "No action to recover damages for any defi-

ciency in the survey or plat, planning, design, specifications, supervision or observation of construction or construction of an improvement to real property. . . shall be brought . . . more than 8 years after substantial completion of such an improvement." Section 6 defines the phrase "substantial completion" as the date when construction was sufficiently completed so that the owner could occupy for the use for which it was intended. Plaintiffs brought this action in November, 1969, to recover damages for defendants' negligence in making a survey and plat of plaintiffs' property in July 1960 upon which plaintiffs built a home. Defendants pleaded the statute of limitation in bar. Plaintiffs answered defendants' interrogatory that the residence was completed on August 12, 1960, and occupied by them on that date. The sole issue on appeal is whether the cited statute applies to this case. *Held:*

The statute can only apply if it may be construed as having a retrospective application. A statute of limitation is remedial in nature. The legislature can constitutionally provide for the retrospective application of a remedial statute provided a time be fixed subsequent to the passage of the statute which allows citizens affected by it a reasonable time to protect their rights. *Code* § 102-104; *U. S. Fidel. &c. Co. v. Toombs County,* 187 Ga. 544 (4) (1 SE2d 411). It has been held by the Supreme Court and this court that a statute is not to be construed retroactively in operation unless the language of the statute imperatively requires it. *Walker County Fertilizer Co. v. Napier,* 184 Ga. 861 (193 SE 770); *Leathers v. Turner,* 75 Ga. App. 62 (41 SE2d 921). The statute in this case is completely silent on the question of retrospective application. Thus, applying the foregoing rule, the statute of limitation in this case cannot be construed to have retroactive application so as to bar plaintiffs' cause of action. The denial of defendants' motion for summary judgment based solely on this ground is

*Affirmed. Quillian and Whitman, JJ., concur.*
ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 26, 1971.

*Northcutt, Edwards, Doss & Germano, Ken Doss,* for appellants.
*Harry J. Beecham,* for appellees.