27783. MONTAQUILA v. CRANFORD et al.

ARGUED MARCH 12, 1973 — DECIDED APRIL 13, 1973.

*Dickens, Hall & Greene, J. Edward Hall,* for appellant.
*Harris, Russell & Watkins, Philip R. Taylor,* for appellees.

MOBLEY, Chief Justice. This appeal is from the dismissal of a damage suit.

Gaetano Montaquila filed the complaint on February 17, 1972, against the executors of Julian E. Cranford, alleging injuries received on July 13, 1969, because of the negligence of Cranford. The executors moved to dismiss the complaint on the ground that the claim was barred by the statute of limitation of two years on actions for personal injuries. By answers to requests for admissions it appeared that Julian E. Cranford died on January 25, 1971, and the executors qualified on February 15, 1971.

An amendment to Code § 113-1526 (Ga. L. 1971, pp. 433, 434), effective July 1, 1971, changed the period of immunity of an administrator (or executor) from suit for the debts of the decedent from one year to six months. The plaintiff amended his complaint by alleging that "insofar" as the 1971 amendment to Code § 113-1526 authorized commencement of suit against the executors herein upon the claim sued on prior to the expiration of twelve months from their qualification, the 1971 amendment is void because it is a retroactive law in conflict with the Constitution, Art. I, Sec. III, Par. II (Code Ann. § 2-302).

It is asserted by the appellant that this court has jurisdiction of the appeal from the dismissal of the complaint because it draws into question the con stitutionality of a law of this state.

The only question made by the appeal is whether the 1971 amendment to Code § 113-1526 applies to the present case so that the statute of limitation would be suspended for only six months after the qualification of the executors, in lieu of the twelve months in effect at the time of their qualification.

The appellant points out no provision of the 1971 amendment which states that it will have a retroactive effect. The only question for determination is whether the statute may be construed as having retrospective application, consistent with the constitutional prohibition against retroactive laws. This question may be dealt with by the Court of Appeals. See *Jaro, Inc. v. Shields,* 123 Ga. App. 391 (181 SE2d 110).

Since no question of the constitutionality of a law of this State is made by this appeal, but only a question of a constitutional application of the law to the facts of this case, the jurisdiction of the appeal is in the Court of Appeals, and not this court. *Gormley v. Searcy,* 179 Ga. 389 (175 SE 913); *Potts v. State Hwy. Dept.,* 225 Ga. 6 (165 SE2d 726).

*Transferred to the Court of Appeals. All the Justices concur.*