48357, 48358. MONTAQUILA v. CRANFORD et al. (two cases).

CLARK, Judge. Does the 1971 statute reducing the exemption from

suit of a deceased's estate representative to six months from twelve months operate retroactively? That question arises in this appeal by plaintiffs below whose cases were dismissed upon a decision that the legislative reduction caused their claims for personal injuries to be barred by the two-year statute of limitation provided in Code § 3-1004.

On July 13, 1969, appellants sustained personal injuries while passengers in an automobile driven by Julian E. Cranford who subsequently died on January 25, 1971 before these suits were filed. His executors, defendants below and appellees in this court, qualified on Feburary 15, 1971. Both as of the date of the collision and as of the date of qualification the law provided under Code § 113-1526 for the executors to be immune from suit for twelve months. This exemption period was reduced to six months by the 1971 enactment appearing as Ga. L. 1971, pp. 433, 434, which specifically amended Code § 113-1526 and now appears by that section number in the supplement to the Annotated Code. As this amendment was approved April 5, 1971, and specified no effective date, the effective date was July 1, 1971, in conformance with the terms of Ga. L. 1968, pp. 1364, 1365 (Code Ann. § 102-111).

These suits were filed on February 17, 1972. That was two days after expiration of one year from the date the defendants had qualified as executors. Under the twelve months immunity statute the suits were timely filed. To the contrary if the six months immunity law applied, because after excluding the toll period of 21 days under Code § 3-804 during which the estate was unrepresented, the expiration date was February 2, 1972, which was fifteen days before this litigation was instituted.

After the trial court sustained the defense motion for dismissal based on the two-year statute of limitation, plaintiffs took their appeal to the Supreme Court. It was there ruled that the constitutionality of the 1971 amendment was not in question and since the sole question was its constitutional application to the facts of the case both appeals were transferred to our court. *Montaquila v. Cranford,* 230 Ga. 442 (197 SE2d 357); 230 Ga. 443 (197 SE2d 358). *Held:*

When interpreting statutes our courts must seek to carry out the intention of the General Assembly. Code § 102-102 (9). Laws prescribe only for the future and generally have no retroactive operation. Code § 102-104. Over 100 years ago our Supreme Court concluded its opinion in *Moore v. Gill,* 43 Ga. 388, 391, by stating

"The settled rule for the construction of statutes, is not to give them a retrospective operation, unless the language so imperatively requires." This has been followed by our appellate courts as shown by the myriad of cases cited in Ga. Digest under the Title of Statutes Key 263.

It is significant that the statute under study contained no statement that it was intended to be retroactive. In the light of such silence the stated legal principles would indicate the legislative intent to have been for it to operate for the future.

This view of retrospective operation is fortified by the fact that the twelve months immunity from suit for administrators and executors had been our established law since 1799. Normally any such change in a time-hallowed principle should be considered as aimed at having future operation when not otherwise specified, even if such change is procedural and not substantive.

An examination of the entire statute contained in Ga. L. 1971, p. 433 et seq., further confirms that the legislature did not intend it to be retroactive as the enactment was not limited to an amendment of Code § 113-1526 by reducing the established twelve months suit that time but the statute also amended Code § 113-1507 and then added three new Code sections. In short, such addition of three new Code sections which related to discharge and resignation of administrators in addition to the change in the suit exemption period and the time period for payment of debts in Code § 113-1507 shows the legislature intended all of the provisions of its 1971 statute to operate prospectively.

Although remedial statutes including statutes of limitation can have retrospective  operation the general rule is stated in *Anthony v. Penn,* 212 Ga. 292, 293 (92 SE2d 14) to be that "Unless a statute, either expressly or by necessary implication, shows that the General Assembly intended that it operate retroactively, it will be given only prospective application. [Cits.]." The citations contained therein as well as the case itself deals with substantive rights rather than remedial. But our court in *Jaro, Inc. v. Shields,* 123 Ga. App. 391 (181 SE2d 110) applied this principle to a statute of limitation situation. In fact we regard the *Jaro* case, which passed upon a limitation statute where it was as in the case sub judice completely silent on the question of retrospective application, to be controlling upon the appeals here decided.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

SUBMITTED JULY 10, 1973 — DECIDED OCTOBER 3, 1973.

*Dickens, Hall & Greene, J. Edward Hall,* for appellants.
*Harris, Russell & Watkins, Philip R. Taylor, David B. Higdon,* for appellees.