## 51378. HONEYCUTT v. EDWARDS.

DEEN, Presiding Judge.

Karen Edwards Honeycutt filed an action in the State Court of Muscogee County against her father, James Bill Edwards, alleging that the latter had purchased certain shares of stock under a stock purchase plan which he had placed in the name of "James Bill Edwards Cust. Karen Denise Edwards Min. U. Laws of Georgia," and that on October 2, 1973, two months before she reached her twenty-first birthday, he canceled the certificates and closed the account; that on reaching that birthday she demanded the certificates, but he refused to deliver them and converted them to his own use. The plaintiff sues for the value of the stock and punitive damages. Both parties treat the stock designation as meaning that the account showed the defendant Edwards as custodian of the stock for his daughter, a minor, under the Georgia Gift to Minors Act, Code Ch. 48-3. The action was filed within a year of the time the plaintiff reached the age of twenty-one, which constitutes "majority" under the Act. Code §§ 48-301, 48-311 (b). It was dismissed on motion on the ground that the State Court of Muscogee County had no jurisdiction of the subject matter, and the plaintiff appeals.

1. A gift under this Act is irrevocable and conveys an indefeasibly vested legal title. Code § 48-302. Registration in the name of the donor as custodian constitutes delivery. Code § 48-301. "The custodian shall not be required to account to the minor . . . for his acts and proceedings unless the minor . . . shall petition the court of ordinary for such an accounting no later than one year after the minor attains the age of 21 years." Code § 48-310. The appellant contends that she is not bringing a suit for an "accounting" which must be brought in the

court of ordinary, but one for conversion of property, title to which is in herself, and that she is not therefore limited to the court of ordinary as forum. We agree with the trial judge that this position is not tenable. The Act vests in the court of ordinary the sole power to compel the custodian to account for the funds, and when called upon to do so he may, under Code § 48-303 (a), show that he has used a part or all of them in his absolute discretion for the support, maintenance, education or general use of the minor. Thus although title was in the beneficiary, she is entitled only to so much of the fund or property as may remain after proper disbursement. Whether this is all or none of the property, or a sum between these figures, cannot be decided without a hearing, and such hearing must take place in the court of ordinary. The state court had no jurisdiction of the case. We cannot, as the appellant urges, make a distinction without a difference on the ground that the purposes of the Act are benevolent. As Judge Hall pointed out in his special concurrence in *Horton v. Brown,* 117 Ga. App. 47, 52 (159 SE2d 489) where a statute gives a right which did not exist at common law, it must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute. The custodian, whether the original donor or another, may be made to justify his retention of the fund, but only in the court of ordinary and only within the time limited.

2. It is further urged that the beneficiary has a right of action regardless of the Gift to Minors Act and that this may be brought in any court and is subject to a four-year statute of limitation. "This Chapter shall not be construed as providing an exclusive method for making gifts to minors." Code § 48-312. Such a position is only tenable if the stock purchase constituted a gift *dehors* the provisions of the Act. The essentials of a gift are intention on the part of the donor, acceptance by the donee, and delivery. Assuming that intention and acceptance are shown, there has been no delivery in the common law sense of the term. The defendant merely opened an account in his own name, designating himself as custodian for his minor child, an act which under Chapter 48-3 constitutes delivery but which otherwise is none. "If

488

there be only an intention to give and no delivery, it will be inchoate and incomplete, however strong the expression of intention may be; and the property does not pass." *Jackson v. Gallagher,* 128 Ga. 321, 326 (57 SE 750). The case continues, pointing out that where one turns over money to another to deposit and keep in trust for a minor the gift is complete, but one who deposits his own money, although with direction that it is to be paid to another, does not part with dominion over it until paid, and a gift does not result. See also *Smith v. Peacock,* 114 Ga. 691 (40 SE 757).

The transaction here sued upon cannot be considered a completed gift except under the provisions of the Gift to Minors Act. That Act creates a new right to the ownership of property by gift in the beneficiary, but limits the enforcement thereof to the court of ordinary. It follows that the judge of the state court properly granted the motion to dismiss.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

Argued October 29, 1975 — Decided November 7, 1975.

*Kelly, Champion, Denny & Pease, Joe D. Whitley,* for appellant.

*Araguel & Sanders, Patrick J. Araguel, Jr.,* for appellee.