## 60886. REESE v. HENDERSON.

SMITH, Judge.

We granted this interlocutory appeal in order to review the trial court's denial of appellant's motion to strike appellee's claim for personal injuries. The issue presented is whether the claim is barred by the two-year statute of limitations. See Code § 3-1004. We reverse.

The relevant facts are not in dispute. Appellee alleges that she and appellant were involved in an automobile collision on April 7, 1978, at approximately 5:00 p.m. She filed her complaint on Monday, April 7, 1980, at 3:56 p.m. Appellee contends her complaint was timely filed. Appellant asserts the statute of limitations has run.

"Under the rulings of the Supreme Court and this court, a claim filed on October 9, 1974, to recover damages resulting from a personal injury which occurred on October 9, 1972, is barred by the statute of limitation . . ." *Hilea v. Colonial Stores, Inc.,* 135 Ga. App. 39 (216 SE2d 905) (1975); *Clark v. Memorial Hospital of Bainbridge,* 145 Ga. App. 305 (243 SE2d 695) (1978). Nonetheless, appellee contends her claim is not barred because the complaint was in fact filed one hour and four minutes less than two years after the accident occurred. However, the same argument was heard and rejected by this court in *Dowling v. Lester,* 74 Ga. App. 290 (39 SE 576) (1946). See *Peterson v. Ga. R. & Banking Co.,* 97 Ga. 798 (25 SE 370) (1896).

Appellee also contends that, since April 6, 1980 fell on a Sunday, she was authorized to file suit on Monday, April 7, 1980, pursuant to Code § 102-102 (8) and CPA § 6 (a) (Code Ann. § 81A-106 (a)). These arguments have been presented to the appellate courts of this state on other occasions; they, too, have been rejected. See *Allstate Ins. Co. v. Stephens,* 239 Ga. 717 (238 SE2d 382) (1976), reversing *Allstate Ins. Co. v. Stephens,* 140 Ga. App. 720 (231 SE2d 470) (1976); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301, 302 (170 SE2d 339) (1969); *Davis v. United States Fidelity & Guaranty Co.,* 119 Ga. App. 374 (167 SE2d 214) (1969).

The result we reach here is not the result we would reach if the instant case were one of first impression. See Chief Justice Nichols' dissent in *Allstate Ins. Co. v. Stephens,* supra at 720; 2 Moore's Federal Practice ¶ 6.06[2]. However, the cases cited above are controlling, and we therefore conclude that appellee's claim for personal injuries is barred by the applicable statute of limitations. Accordingly, the judgment is reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 9, 1980 — DECIDED NOVEMBER 7, 1980 — REHEARING DENIED DECEMBER 10, 1980 — 

*Palmer H. Ansley, Roger Mills,* for appellant.
*Tyson E. Baisden, Jr.,* for appellee.