42017. LARKIN et al. v. LASTER et al.
(334 SE2d 158)

Smith, Justice.

The appellant, Wendall C. Larkin, owned 367.94 acres of land in Grady County. The appellees, E. C. and Eugenia Laster, now deceased, owned a one-half interest in the mineral rights. E. C. Laster,

Jr., Stephen Carroll Lyons, and William Hughes Lyons, appellees-intervenors, obtained the mineral interests by way of testamentary devises from the appellees, and they were granted permission to intervene. The appellant conveyed 265.25 acres of the property to the trustees of the residuary trust of Paul H. Trulock, Margretta M. Trulock and Paul H. Trulock, III, the appellants-intervenors. At the time of the conveyance the appellant and the appellants-intervenors entered into an agreement in which appellant attempted to reserve the right to seek title, by adverse possession, to the mineral rights owned by appellees under the 265.25 acres that appellant had conveyed to appellants-intervenors. Appellant also agreed to sell and appellants-intervenors agreed to purchase, at a stated price, the mineral rights once they were obtained by appellant. Appellant sought a declaratory judgment pursuant to OCGA § 44-5-168 to have the mineral rights on the entire 367.94 acres terminated. The trial court held that the appellees lost the mineral interests under the land that appellant possessed but not under the land that appellant had conveyed to appellants-intervenors. Appellant and appellants-intervenors appeal that part of the order that held that the mineral rights were not lost by the appellees under the property that was conveyed to appellants-intervenors. We affirm in part and reverse in part, and hold that the mineral rights were lost by the appellees and gained by the appellants-intervenors pursuant to OCGA § 44-5-168.

1. Appellant asserts that the trial court erred in holding that OCGA § 44-5-168 is in derogation of the common law and must be strictly construed, that the words "heirs" and "assigns" mean only heirs and assigns of the real property in fee simple, and that at the time of the conveyance and agreement there was no cause of action that could be assigned. We find no error.

(a) The statute provides, "Whenever mineral rights are conveyed or whenever real property is conveyed in fee simple but the mineral rights to such property are reserved by the grantor, the owner of the real property in fee simple or his heirs or assigns may gain title to such mineral rights by adverse possession if the owner of the mineral rights or his heirs or assigns have neither worked nor attempted to work the mineral rights nor paid any taxes on them for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of the petition provided for in subsection (b) of this Code section." OCGA § 44-5-168. Prior to the enactment of the statute, minerals rights could not be lost by prescription unless there was an adverse use of the minerals themselves. *Brooke v. Dellinger*, 193 Ga. 66, 73 (17 SE2d 178) (1941). The statute provides a right that did not exist at common law, and "it must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." *Honeycutt v. Ed-*

*wards,* 136 Ga. App. 486, 487 (221 SE2d 678) (1975).

(b) The statute was enacted "to provide an additional method for obtaining good title to property by adverse possession . . ." Ga. L. 1975, p. 725. Possession is the key element in an action for adverse possession. "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by law." OCGA § 44-5-160. "In order for possession to be the foundation of prescriptive title, it: must be in the right of the possessor and not of another . . ." OCGA § 44-5-161 (a). Clearly the additional method for obtaining good title by adverse possession is limited to the "owner of the real property in fee simple or his heirs or assigns" of the real property in fee simple.

(c) The right to seek good title to mineral rights by adverse possession under OCGA § 44-5-168 cannot be assigned.

2. Appellant asserts that the trial court erred in finding that the appellees-intervenors paid the taxes for the years 1975-1982 and 1983.

The parties stipulated that the taxes were paid for the years in question on July 27, 1983, and March 19, 1984, respectively. It was not error for the judge to find what the parties had stipulated.

3. The appellant contends that the court erred in holding that the appellants'-intervenors' petition, which was filed after the appellees paid the taxes, came too late.

The appellant filed the original petition seeking termination of the mineral interest on the entire 367.94 acres of land on April 1, 1983. The parties stipulated that "From July 1, 1975, through the date of the filing of this complaint . . ." that neither the appellees nor anyone on their behalf paid any taxes on the mineral interests. The parties also stipulated that appellant and appellants-intervenors had paid the taxes on the entire fee with no exceptions or exclusions for the mineral rights, from July 1, 1975, through the filing of the petition. The appellants-intervenors filed their motion to intervene on February 13, 1984. "The intervenors having been allowed by the order of the court to file their intervention in the case and to become parties [plaintiff] under the provisions of § 24 of the Civil Practice Act (Code Ann. § 81A-124) they thereafter were, 'for all intents and purposes,' original parties, . . ." *Woodward v. Lawson,* 225 Ga. 261, 262 (167 SE2d 660) (1969). For seven years immediately preceding the filing of the petition the taxes had been unpaid by the appellees or anyone on their behalf. This is what the statute requires. It is of no effect under the statute that appellees-intervenors paid the taxes after the petition was filed and while it was pending. To allow such would negate the purpose of the statute.

4. Appellant asserts that the court erred in holding that the appellees did not lose their mineral rights in the 265.25 acres of land owned by appellants-intervenors.

The petition of appellant and the petition filed by the appellants-intervenors both sought termination of the mineral interest owned by appellees. The parties stipulated that they were the proper parties to the action, and that appellant and appellants-intervenors were the fee simple owners of the property. The court correctly found that the appellant obtained the appellee's mineral rights pursuant to OCGA § 44-5-168 on the property that remained in his possession. As the appellants-intervenors were properly before the court as fee simple owners of the property, seeking to terminate the mineral interests owned by the appellees, the court should have found that the appellees lost the mineral rights to the appellants-intervenors on the land that was in their possession.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 25, 1985.

*Porter & Lehman, J. Richard Porter III, Lambert & Floyd, George C. Floyd,* for appellants.
*King & Spalding, Craig B. Jones, Dan L. Heller, Harry J. Altman II,* for appellees.