73105. LOVELESS et al. v. GROOMS et al.

(349 SE2d 281)

BANKE, Chief Judge.

The defendants in this personal injury action were awarded judgment on the pleadings, based on the running of the statute of limitation. The plaintiffs appeal.

The action arose from an automobile collision which occurred on June 30, 1983. The complaint was stamped filed on June 30, 1985,

which, strangely enough, was a Sunday. Under then-existing law, the 2-year limitation period for filing the action (see OCGA § 9-3-33) was deemed to have expired at midnight the previous day. See *Reese v. Henderson*, 156 Ga. App. 809 (275 SE2d 664) (1980). However, the plaintiffs contend that the cause of action was revived the following Monday, July 1, 1985, when Ga. L. 1985, p. 648, § 1 became effective. That statute amended OCGA § 1-3-1 (d) (3) so as to make it read, in pertinent part, that "when a period of time measured *in days, weeks, months, years, or other measurements of time except hours* is prescribed for the exercise of any privilege or the discharge of any duty, . . . if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." (Emphasis supplied.)

Previously, the code section had provided for such an extension only if the limitation period in question was measured in days, and it was on the basis of that wording that it had been held inapplicable to limitation periods expressed in years. See *Allstate Ins. Co. v. Stephens*, 239 Ga. 717, 718 (238 SE2d 382) (1977). At issue in this appeal is whether the 1985 amendment applied retroactively in this case, so as to revive the plaintiffs' previously expired cause of action. *Held*:

"A statute of limitations is remedial in nature. *Jaro, Inc. v. Shields*, 123 Ga. App. 391, 392 (181 SE2d 110) (1971). Laws which act upon remedies alone, although retroactive, will be enforced, provided they do not impair the obligation of contracts or disturb absolutely vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." *Canton Textile Mills v. Lathem*, 253 Ga. 102, 104 (317 SE2d 189) (1984). However, "[i]t has been held by the Supreme Court and this court that a statute is not to be construed retroactively in operation *unless the language of the statute imperatively requires it.* (Cits.)" *Jaro, Inc. v. Shields*, supra, 123 Ga. App. at 392. (Emphasis supplied.)

Because the 1985 amendment to OCGA § 1-3-1 (d) (3) was silent on the question of retroactive application, it follows that it has no application to the present case. Accordingly, the trial court correctly concluded that the amendment did not operate to breathe new life into the plaintiffs' previously expired cause of action. Accord *Jaro, Inc. v. Shields*, supra. Compare *Canton Textile Mills v. Lathem*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1986.

*Douglas C. Vassy*, for appellants.

*Thomas E. Greer*, for appellees.