### 74500. HOLLINGSWORTH v. HUBBARD et al.
(361 SE2d 12)

CARLEY, Judge.

On May 21, 1986, appellee-plaintiffs filed their complaint, seeking to recover for the personal injuries that they allegedly sustained in an automobile collision which had occurred on May 21, 1984. Appellant-defendant answered and, among his other defenses, raised the two-year statute of limitations as barring appellees' action. Appellant subsequently moved for summary judgment as to his statute of limitations defense. His motion was denied, but the trial court certified its order for immediate review. Appellant's application for an interlocutory appeal to this court was granted in order to determine the effect of the 1985 enactment of existing OCGA § 1-3-1 (d) (3) upon appellant's statute of limitations defense.

Under the terms of former OCGA § 1-3-1 (d), May 21, 1984, the date that the automobile collision occurred, would be counted in the computation of the period of limitations, and the two-year period would thus have ended on May 20, 1986. See generally *Reese v. Henderson*, 156 Ga. App. 809 (275 SE2d 664) (1980). Thus, if the two-year statute of limitations is calculated pursuant to that former statute, appellant would be entitled to summary judgment. However, under the terms of the existing statute, May 21, 1984 is not to be counted in

the computation of the period of limitations, and the two-year period would thus be extended by one day to May 21, 1986. If, therefore, the period of limitations is computed pursuant to existing OCGA § 1-3-1 (d) (3), then appellees' complaint was filed in a timely manner. In *Loveless v. Grooms*, 180 Ga. App. 424 (349 SE2d 281) (1986), the applicable period of limitations had already expired prior to July 1, 1985, the date that existing OCGA § 1-3-1 (d) (3) became effective. Under those circumstances, we held that existing OCGA § 1-3-1 (d) (3) was not to be given retroactive effect, insofar as "[it] did not operate to breathe new life into the plaintiffs' *previously expired* cause of action. [Cits.]" (Emphasis supplied.) *Loveless v. Grooms*, supra at 425. However, the facts in the present case are different from those in *Loveless v. Grooms*, supra. Appellees' cause of action did not expire prior to the effective date of existing OCGA § 1-3-1 (d) (3). While the collision occurred prior to July 1, 1985, a calculation of the period of limitations under either former or existing OCGA § 1-3-1 (d) (3) would result in a two-year period which ended subsequent to the effective date of the statutory change. Accordingly, the sole issue for resolution in this case is whether appellant, as a defendant, has a vested right to the employment of a method for computing the period of limitations which was in existence on the date of the collision, or whether appellees, as plaintiffs, have a right to the employment of a method for computing the period of limitations that became effective before their causes of actions were otherwise barred.

"Statutes of limitation look only to remedy and not to substantive rights, and, unless the cause of action is barred at the time of the passage of the act extending the statute of limitation, it will be effective. [Cits.] 'No man has a vested right not to pay a tax or other obligation which he really owes. So that an extension of the time within which the obligation may be enforced, or the entire abolition of the limitation, is within rightful legislative power.' [Cit.]" *Dixie Constr. Co. v. Williams*, 95 Ga. App. 767, 770 (98 SE2d 582) (1957). Thus, appellant has no vested right in the employment of former OCGA § 1-3-1 (d) (3) as a bar to appellees' pursuit of their legal remedy against him. Appellees' complaint having been timely filed within the applicable period of limitations as computed under existing OCGA § 1-3-1 (d) (3), it follows that the trial court did not err in denying appellant's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*William P. Claxton*, for appellant.

*Christopher A. Townley*, for appellees.