45432, 45433. BAIRD et al. v. BAIRD.
(367 SE2d 37)

CLARKE, Presiding Justice.

Elena and Leah Baird filed a complaint in Fulton Superior Court against their mother Judith Baird, who obtained custody of the girls when their parents divorced in 1973. Elena and Leah allege that they were each given 600 shares of stock in the Baird Bread Company by their paternal grandparents. According to the complaint, in 1978 Judith asked that the 1200 shares be sold and the proceeds applied to the purchase of a house for the benefit of and as an investment for Elena and Leah. The shares were sold for $48,000, and Judith used this money to purchase a house in her name. Plaintiffs allege that she has refused to turn over the amount of the stock plus increase in value or to account for the stock. In counts one and two of the complaint they seek to have an implied trust impressed upon the house

or, alternatively, to recover a money judgment for the value of the stock plus the increase in its value since the sale. In count three they seek an accounting, and in count four they seek a permanent injunction against Judith's encumbering the residence.

Judith filed a motion to dismiss or to have the action transferred to the Probate Court of Fulton County under OCGA § 9-11-12 and Rule 19.1 of the Uniform Superior Court Rules. The superior court transferred the case, and this court granted an interlocutory appeal.

The dispositive issue on appeal is whether the gifts of corporate shares were made pursuant to the Arizona Gifts to Minors Act, which is essentially the same as the Georgia Gifts to Minors Act, OCGA § 44-5-110 et seq. The probate court has jurisdiction to require an accounting by the custodian of gifts made under the Uniform Gifts to Minors Act. There are specific requirements for making a gift under either the Arizona Act and the Georgia Act. A requirement of both acts is that the gift of registered securities (as distinguished from bearer securities) be registered in the name of the donor or the name of some adult member of the minor's family, a guardian of the minor, or (in the case of the Arizona statute) a trust company as custodian for the minor. Ariz. Rev. Stat. Ann. § 44-2072 (A) (1); OCGA § 44-5-113 (1). If the gifts are made outright to the minor, neither the Arizona Gifts to Minors Act nor the Georgia Gifts to Minors Act is applicable, and the jurisdiction for an accounting would be in the superior court.

Of the 1200 shares involved in the present controversy, only 50 shares are in the name of a custodian. The other 1150 shares were given outright to Elena and Leah. Therefore, even if the 50 shares were given pursuant to the Act, this amount is de minimis compared to the 1150 Further, the custodian named for the 50 shares was Roland W. Baird, the father, rather than Judith. Therefore, even if these shares were given pursuant to the Act, the probate court would not have jurisdiction to require an accounting of Judith, who was not the custodian of any of the shares. Appellee Judith Baird relies upon *Honeycutt v. Edwards*, 135 Ga. App. 486 (221 SE2d 678) (1975), to support her position that jurisdiction is in the probate court. However, *Honeycutt* involved shares of stock issued in the name of the custodian and clearly given under the Gifts to Minors Act. This distinguishes it from the present case.

Since we find that count three of the complaint is not within the jurisdiction of the probate court and since counts one, two, and four of the complaint seek relief at law and equity which is within the jurisdiction of the superior court, the superior court erred in transferring this matter to the probate court.

*Judgment reversed. All the Justices concur, except Hunt, J., not participating.*

DECIDED APRIL 20, 1988.

*Wildman, Harrold, Allen, Dixon & Branch, Alfred B. Adams III, Laura E. Stevenson,* for appellants.

*Meals, Kirwan, Goger, Winter & Parks, Robert N. Meals, Michelle B. Rapoport,* for appellee.