**Susie Mae GARDNER, Plaintiff,**

v.

**HYSTER COMPANY, Defendant.**

**Civ. A. No. 91–310–4–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 28, 1992.

William Q. Bird, Atlanta, Ga., Robert K. Finnell, Rome, Ga., for plaintiff.

Joseph W. Popper, Jr., Macon, Ga., Robert B. Hocutt, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Before the court is defendant's motion to dismiss. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court hereby issues the following order.

### FACTUAL BACKGROUND

Susie Mae Gardner's ("plaintiff") husband, Willie Gardner, was operating a forklift on June 12, 1989, when it rolled over and killed him. The forklift had been manufactured and sold by the Hyster Company ("defendant") to Thomaston Mills, decedent's employer.

Plaintiff filed suit on June 12, 1991, alleging negligent design, manufacture, and assembly by defendant and a failure to warn users of the forklift's propensity to turn over. Plaintiff further alleged that defendant's negligent design, manufacture, and assembly and a failure to warn were the proximate causes of Willie Gardner's death.

Defendant filed its answer shortly thereafter denying it negligently designed, manufactured, and assembled the forklift. Furthermore, defendant contended that decedent's death was caused by his own contributory negligence. Defendant later amended its answer, with permission of this court, to assert the additional defense of the statute of limitations.

### DISCUSSION

Defendant moves the court to dismiss the instant action. Defendant contends that plaintiff's cause of action for wrongful death is barred by the applicable two-year statute of limitations because plaintiff filed her complaint two years and one day after the accident giving rise to this litigation.

It is undisputed that O.C.G.A. § 9–3–33 is the applicable statute of limitations. That section provides, in relevant part, that "[a]ctions for injuries to the person shall be brought *within* two years after the right of action accrues...." Plaintiff contends that the court must consider O.C.G.A. § 1–3–1(d)(3), as amended, as well as O.C.G.A. § 9–3–33 in determining when the statute of limitations expires for a personal injury action.

In 1985, the Georgia General Assembly amended O.C.G.A. § 1–3–1(d)(3). Amended O.C.G.A. § 1–3–1(d)(3) states in pertinent part:

COMPUTATION OF TIME. Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, *the first day shall not be counted but the last day shall be counted;* ...

(emphasis added). Formerly, that section counted the day on which the incident occurred when computing the period of limitations. *See generally Reese v. Henderson,* 156 Ga.App. 809, 275 S.E.2d 664 (1980).

Plaintiff argues that amended O.C.G.A. § 1–3–1(d)(3), as a statute governing the construction of limitations periods, applies to O.C.G.A. § 9–3–33, thereby extending the statute of limitations for a personal injury action from two years to two years and one day. Defendant argues in opposition that amended O.C.G.A. § 1–3–1(d)(3) has no effect on O.C.G.A. § 9–3–33. The issue for the court to decide, then, is whether amended O.C.G.A. § 1–3–1(d)(3) applies to O.C.G.A. § 9–3–33. If the 1985 amendment to O.C.G.A. § 1–3–1(d)(3) does extend the statute of limitations under O.C.G.A. § 9–3–33, defendant's motion to dismiss must be denied; if the amendment does not extend the two year period, defendant's motion to dismiss must be granted.

The Georgia Court of Appeals has applied amended O.C.G.A. § 1–3–1(d)(3) to other time computation statutes, including O.C.G.A. § 9–3–33, on several occasions. Shortly after O.C.G.A. § 1–3–1(d)(3) was amended, the Georgia Court of Appeals examined whether O.C.G.A. § 1–3–1(d)(3) applied retroactively to the limitation period for a personal injury action. *See Loveless v. Grooms,* 180 Ga.App. 424, 349 S.E.2d 281 (1986). Plaintiff's automobile

accident occurred on June 30, 1983. Plaintiff filed her complaint on Sunday, June 30, 1985. O.C.G.A. § 9–3–33 barred this action. O.C.G.A. § 1–3–1(d)(3), as amended, became effective on July 1, 1985. If O.C.G.A. § 1–3–1(d)(3) were made retroactive, plaintiff's cause of action would have been extended until Monday, July 1, 1985. Although the court concluded that amended O.C.G.A. § 1–3–1(d)(3) was not to be given retroactive effect, the opinion nevertheless implies that O.C.G.A. § 1–3–1(d)(3) does govern O.C.G.A. § 9–3–33.

The Georgia Court of Appeals again applied amended O.C.G.A. § 1–3–1(d)(3) to O.C.G.A. § 9–3–33 in *Hollingsworth v. Hubbard*, 184 Ga.App. 121, 361 S.E.2d 12 (1987). The court held that the complaint, filed two years and one day after the automobile accident, was timely.

More recently, the Georgia Court of Appeals applied amended O.C.G.A. § 1–3–1(d)(3) to O.C.G.A. § 9–3–31 (injuries to personalty). *Day v. Burnett*, 199 Ga.App. 494, 405 S.E.2d 316 (1991). The court held that plaintiff's complaint was timely filed four years and one day after the accident.

Under clearly established Georgia law, therefore, amended O.C.G.A. § 1–3–1(d)(3) governs O.C.G.A. § 9–3–33, thereby extending the statute of limitations for personal injury actions to two years and one day.

Defendant cited a long list of pre-amendment cases for the proposition that the statute of limitations runs on the two year anniversary of an accident. The court agrees that those cases interpret the law as it existed prior to 1985. However, when the Georgia General Assembly amended O.C.G.A. § 1–3–1(d)(3), that line of cases was overruled.

In the instant case, June 12, 1989, should not be counted when calculating the period of limitations under O.C.G.A. § 1–3–1(d)(3), as amended, and O.C.G.A. § 9–3–33. The two year statute of limitations ended, then, on June 12, 1991. The court finds, therefore, that plaintiff's complaint was timely filed. Consequently, defendant's motion to dismiss is DENIED.

SO ORDERED.