A93A0785. DAVIS v. DESA INTERNATIONAL, INC.
(433 SE2d 410)

SMITH, Judge.

April Davis was injured on February 26, 1990 when a heater exploded at her workplace. She filed suit on February 26, 1992, against her employer, who was later dismissed, and DESA International, Inc., the manufacturer of the heater. The trial court granted DESA's motion to dismiss the action based on the statute of limitation, and Davis appeals.

After a hearing on DESA's motion, the trial court entered an order finding that the appropriate statute of limitation was OCGA § 9-3-33, and since no tolling occurred under either OCGA § 9-3-90 or OCGA § 9-3-91, the action was barred.

We reverse. OCGA § 9-3-33 provides that actions for personal injury must be brought within two years after the right of action accrues. Prior to 1985, such an action was barred if filed on the second anniversary of the injury. See, e.g., *Reese v. Henderson*, 156 Ga. App. 809 (275 SE2d 664) (1980). However, in 1985 the legislature amended OCGA § 1-3-1 (d) (3) to provide, in pertinent part, that "when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted." Under this statute, Davis' complaint was clearly filed within the time period prescribed by OCGA § 9-3-33. *Hollingsworth v. Hubbard*, 184 Ga. App. 121 (361 SE2d 12) (1987).

Contrary to appellee's argument, this case does not fall within the exception in OCGA § 1-3-1 (d) (3) for "time period computations specifically applying to other laws." OCGA § 9-3-33 does not itself provide for any method of computing the two-year period provided therein. The judicially created rule, exemplified by cases such as *Reese*, supra, under which the day the injury occurred was included in the computation, was based not on any particular method of computation specifically applying to the statute of limitation, but on the method of computation provided in the general time computation rule included in the predecessor statute to OCGA § 1-3-1 (d) (3). The 1985 amendment expressly changed that method. See *Loveless v. Grooms*, 180 Ga. App. 424 (349 SE2d 281) (1986); *Hollingsworth*, supra. Since Davis initiated her action within the two-year period contemplated by OCGA § 9-3-33, using the computation method mandated by OCGA § 1-3-1 (d) (3), as amended, it was timely. The trial court erred in dismissing her complaint.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 1, 1993.

*Lecora Bowen*, for appellant.

*Weinstein, Rosenthal, Tobin & Caldwell, A. Keith Logue, Susan L. Williams*, for appellee.