A93A1618. WEEMS v. MUNSON TRANSPORTATION, INC. et al.
(437 SE2d 640)

JOHNSON, Judge.

Charles Weems was allegedly injured in an automobile accident on October 1, 1990. On October 2, 1992, he filed this negligence action against the driver, Harold Rhea, and Rhea's employer, Munson Transportation, Inc. Munson filed a motion for judgment on the pleadings, contending that the two-year statute of limitation had expired prior to the commencement of the action. The trial court granted Munson's motion and dismissed the complaint with prejudice.

1. Weems argues that, pursuant to OCGA § 1-3-1 (d) (3), as amended, he had through October 2, 1992, to file the action. We disagree. Prior to 1985, OCGA § 1-3-1 (d) (3) provided that the date on which the accident occurred *would* be counted in computing the period of limitation; thus, a personal injury action was barred if filed on the second anniversary of the injury. *Davis v. Desa Intl.*, 209 Ga. App. 318 (433 SE2d 410) (1993). See, e.g., *Loveless v. Grooms*, 180 Ga. App. 424 (349 SE2d 281) (1986); *Reese v. Henderson*, 156 Ga. App. 809 (275 SE2d 664) (1980). However, in 1985 the Code section was amended so that the first day would *not* be counted in computing the period of limitation. Therefore, an action filed on the second anniver-

sary of the injury would be timely filed. See *Hollingsworth v. Hubbard*, 184 Ga. App. 121 (361 SE2d 12) (1987); *Davis*, supra. Because Weems' complaint was filed the day after the second anniversary date, it was not timely filed and the action was barred by the statute of limitation. Compare *Day v. Burnett*, 199 Ga. App. 494, 495 (1) (405 SE2d 316) (1991) (property damage action timely filed on 12/5/88 for damage on 12/5/84); *Gardner v. Hyster Co.*, 785 FSupp. 161, 163 (M.D. Ga. 1992) (interpreting Georgia law, court held statute of limitation for 6/12/89 injury ended on 6/12/91).

2. Weems also contends that the court erred in granting Munson's motion for judgment on the pleadings since he did not fail to state a claim upon which relief may be granted. This enumeration is without merit. Because Weems' claim for relief was barred by the statute of limitation, Munson was clearly entitled to judgment. Therefore, judgment on the pleadings in favor of Munson was proper. See *ALW Marketing Corp. v. McKinney*, 205 Ga. App. 184, 186-187 (1) (421 SE2d 565) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 3, 1993.

*J. L. Jordan*, for appellant.
*Paul, Hastings, Janofsky & Walker, James H. Cox*, for appellees.