## A00A0210. U. S. FILTER DISTRIBUTION GROUP, INC. v. BARNETT et al.
### (526 SE2d 912)

JOHNSON, Chief Judge.

We granted U. S. Filter Distribution Group, Inc.'s ("U. S. Filter") motion for interlocutory review to determine whether the time computation method adopted in OCGA § 1-3-1 (d) (3) applies to the filing of materialman's liens. We conclude that it does not and affirm the trial court's denial of U. S. Filter's motion for summary judgment.

This case involves a suit to foreclose a materialman's lien. The record shows that Ranger Construction contracted with Jimmy Barnett and Buckeye Land & Timber Company, Inc. ("Barnett and Buckeye"), the appellees, to install a water system in connection with the development of a residential subdivision. Ranger Construction installed the subdivision's water system pipes, valves and fire hydrants. U. S. Filter supplied the materials Ranger Construction used to install the water system.

By December 9, 1996, Ranger Construction had installed the complete water system except for three of the eleven fire hydrants required by the local governmental authorities. Ranger Construction installed the valves to which the three fire hydrants would be connected so that chemical testing of the system could be performed. The system was tested on December 9, 1996, and approved by the City of Jefferson. Based on this approval, Barnett and Buckeye made its final payment to Ranger Construction.

On January 20, 1997, U. S. Filter delivered the final three fire hydrants which were installed by Ranger Construction in early February. When Ranger Construction failed to pay for the materials supplied by U. S. Filter, U. S. Filter recorded a materialman's lien on Barnett and Buckeye's property. This lien was recorded on April 21, 1997.

U. S. Filter sued Barnett and Buckeye to foreclose on the materialman's lien. The trial court denied its motion for summary judgment, finding, in part, that U. S. Filter failed to file its property lien within the three-month time limit required by the lien statute. OCGA § 44-14-361.1 (a) (2). This denial of summary judgment must be affirmed if it is right for any reason. See *Phinazee v. Interstate Nationalease*, 237 Ga. App. 39, 40 (514 SE2d 843) (1999).

1. In its order, the trial court finds that U. S. Filter failed to file its lien within the required three-month period because (1) there is no evidence that a contract existed between Ranger Construction and Barnett and Buckeye after the water system was approved on December 9, 1996, and (2) there is no evidence that the fire hydrants delivered on January 20, 1997, were ordered prior to December 9, 1996. In our de novo review of the record, we have found evidence

showing that the fire hydrants at issue were ordered prior to December 9, 1996, and that Barnett and Buckeye contracted with Ranger Construction for the installation of eleven fire hydrants, including the three delivered on January 20, 1997. However, we need not delve into this issue because regardless of any contract and regardless of when the fire hydrants were ordered, it is undisputed that the final three fire hydrants were delivered on January 20, 1997. This being the case, the lien filed by U. S. Filter on April 21, 1997, was not timely filed.

OCGA § 44-14-361.1 (a) (2) specifically provides that liens must be filed "within three months after the material or machinery is furnished." In this case, the final delivery of the material was January 20, 1997. Thus, U. S. Filter needed to file its lien within three months of January 20, 1997. It is undisputed that the lien was not filed until April 21, 1997.

U. S. Filter argues that the trial court erred in failing to apply the time computation method of OCGA § 1-3-1 (d) (3) to the three-month recording requirement of OCGA § 44-14-361.1 (a) (2). This time computation would have allowed U. S. filter to file its lien after the three-month period expired because the three-month period expired on a weekend. Because the lien statute is in derogation of common law and is strictly construed, we find that it falls within the exception provided in OCGA § 1-3-1 (d) (3).

In effect, a materialman's lien allows the transfer of liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property, even though that property owner has no relationship with the materialman. Consequently, both the Supreme Court and this court have consistently held that the materialman's lien statute is in derogation of common law and must be strictly construed in favor of the property owner and against the materialman. *Palmer v. Duncan Wholesale*, 262 Ga. 28, 29-30 (1) (413 SE2d 437) (1992); *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660, 661 (1) (405 SE2d 880) (1991). We have specifically held that the intent of OCGA § 44-14-361.1 as to timely filing of liens is to establish a time certain beyond which liens cannot be filed for the protection of the contracting parties and innocent third parties. *Womack Indus.*, supra.

Contrary to U. S. Filter's argument, *Davis v. Desa Intl.*, 209 Ga. App. 318 (433 SE2d 410) (1993), is not analogous to this case. In *Davis*, we held that the time computation method in OCGA § 1-3-1 (d) (3) applies to the requirement that personal injury actions must be brought within two years after the right of action accrues. We concluded that the exception for " 'time period computations specifically applying to other laws' " did not apply because the statute addressing

personal injury actions did not itself provide for any method of computing the two-year period provided within the statute. *Davis*, supra at 319. However, the statute addressing personal injury actions is not in derogation of common law and is not strictly construed.

While there is no specific method of time computation provided for in the lien statute itself, we refuse to extend the filing requirement by imposing the method of time computation prescribed in OCGA § 1-3-1 (d) (3). The materialman's lien statute requires that a lien be filed "within three months." Strictly construed, U. S. Filter's lien filing did not meet this statutory requirement. The trial court correctly denied U. S. Filter's motion for summary judgment.

2. Based on our holding in Division 1, we need not reach U. S. Filter's remaining assertion of error.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 1999 —
RECONSIDERATION DENIED JANUARY 7, 2000 — 

*McCorkle, Pedigo & Johnson, David H. Johnson, Kenneth P. Johnson*, for appellant.

*Barry L. Fitzpatrick*, for appellees.