538 S.E.2d 739 (2000)
273 Ga. 254
U.S. FILTER DISTRIBUTION GROUP, INC.
v.
BARNETT et al.
No. S00G0796.
Supreme Court of Georgia.
November 13, 2000.
Reconsideration Denied December 15, 2000.
McCorkle, Pedigo & Johnson, Kenneth P. Johnson, David H. Johnson, Savannah, for appellant.
Barry L. Fitzpatrick, Danielsville, Rodger E. Davidson, Royston, for appellee.
HUNSTEIN, Justice.
We granted U.S. Filter Distribution Group's petition for certiorari in this materialman's lien case in order to address whether the Court of Appeals correctly held in U.S. Filter Distrib. v. Barnett, 241 Ga.App. 759(1), 526 S.E.2d 912 (1999) that the requirement of OCGA § 44-14-361.1(a)(2) that a lien be filed "within three months after the material or machinery is furnished" is not subject to calculation in accordance with the general provision for the computation of time specified in OCGA § 1-3-1(d)(3). Finding that OCGA § 1-3-1(d)(3) does not govern the measurement of time provided in the materialman's lien statute, we affirm the Court of Appeals.
U.S. Filter supplied water system materials to the contractor making improvements to property owned by appellees Jimmy Barnett and Buckeye Land & Timber Co., Inc. The contractor failed to pay for the materials and U.S. Filter filed a lien on the property. When U.S. Filter filed suit to recover under appellees' lien discharge bond, the trial court denied its motion for summary judgment finding that U.S. Filter had failed to file its lien within the three-month limit set forth in OCGA § 44-14-361.1(a)(2). The Court of Appeals affirmed, finding that because the last delivery of supplies was January 20, 1997 and the lien was not filed until Monday, April 21, 1997, U.S. Filter's lien was untimely.
OCGA § 1-3-1(d)(3) provides that when measuring a period of time, except for "time period computations specifically applying to other laws," the first day "shall not be counted but the last day shall be counted" and that in situations where the last day falls on Saturday, Sunday, or a public and legal holiday as set forth in OCGA § 1-4-1, the last day will be deemed to fall on the next business day. OCGA § 44-14-361.1(a)(2) specifically provides that the lien must be filed "within three months after the material *740 ... is furnished." It is well established that where a statute gives a right which did not exist at common law, the statute must be limited strictly to the meaning of the language employed and not extended beyond the plain and explicit terms of the statute. Honeycutt v. Edwards, 136 Ga.App. 486(1), 221 S.E.2d 678 (1975). Hence, this Court construed a predecessor statute to OCGA § 44-14-361.1(a)(2) to find that the calculation of the three-month period begins on the first day upon which the right could lawfully have been asserted. Jones v. Kern, 101 Ga. 309(1), 28 S.E. 850 (1897). In other words, the last day on which materials have been furnished falls "within" the three month period and is included as the first day for calculating the appropriate filing time. Id. We have applied this specific method of computing the three-month time period in OCGA § 44-14-361.1(a)(2) in accordance with the mandate that Georgia's materialman's lien law "should be dealt with according to the strictest rules of strict construction." Green v. Farrar Lumber Co., 119 Ga. 30, 33, 46 S.E. 62 (1903).
OCGA § 44-14-361.1(a)(2) comes within the exception provided in OCGA § 1-3-1(d)(3) because its application to the materialmen's lien statute would have the unauthorized consequence of expanding the three month filing period beyond the time specified in the lien statute. Although OCGA § 44-14-361.1(a)(2) specifically requires filing within three months of the furnishing of materials, OCGA § 1-3-1(d)(3) allows filing within three months and one day, since it does not include in its calculation the first day within the three month period. Further, computation of the three-month period under OCGA § 1-3-1(d)(3) may improperly include three or more additional days, since that statute does not count Saturdays, Sundays and legal holidays when the last day of a computed period falls on one of these statutorily-exempted days. Thus, for example, under OCGA § 1-3-1(d)(3) a materialman who last furnished materials on August 22, 2000 would have until November 27, 2000 to file a lien, due to the Thanksgiving holidays, whereas a strict construction of the lien statute would require the filing of the lien no later than November 21. Finally, while application of OCGA § 1-3-1(d)(3) to the lien statute benefits the materialman by expanding the number of days in which a lien may be filed, this expansion works to the detriment of the property owner. Thus, application of OCGA § 1-3-1(d)(3) is contrary to the well established rule that lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman. Palmer v. Duncan Wholesale, 262 Ga. 28, 30(1), 413 S.E.2d 437 (1992); Green v. Farrar Lumber, supra, 119 Ga. at 32-33, 46 S.E. 62.
Accordingly, we agree with the Court of Appeals that because of the strict construction applicable to OCGA § 44-14-361.1(a)(2), calculation of the three-month filing period therein comes within the exception to OCGA § 1-3-1(d)(3). Therefore, because U.S. Filter failed to comply with the three-month lien filing requirement of the materialmen's lien statute, the Court of Appeals correctly affirmed the trial court's ruling denying U.S. Filter's motion for summary judgment.
Judgment affirmed.
All the Justices concur, except CARLEY, J., who dissents.
CARLEY, Justice, dissenting.
In this case the majority opinion refuses to apply the general statutory method for the computation of time provided in OCGA § 1-3-1(d)(3). Because that general computational statute is clearly applicable here, U.S. Filter certainly complied with the three month claim of lien filing requirement of the materialmen's lien statute. Thus, I believe that the Court of Appeals erred in affirming the trial court's denial of U.S. Filter's motion for summary judgment.
The majority mistakenly relies upon Jones v. Kern, 101 Ga. 309(1), 28 S.E. 850 (1897) as authority for holding that OCGA § 1-3-1(d)(3) is not applicable. Prior to 1985, OCGA § 1-3-1(d)(3) did apply only to statutory periods which were measured in days. This absence of any applicable statute compelled this Court in Jones to compute the three-month period contained in the predecessor to OCGA § 44-14-361.1(a)(2) by applying the general judicially-prescribed method of computation. That method applied *741 because the three-month period was "a definite period ... fixed by law within which a given right or privilege is to be taken advantage of...." Jones v. Kern, supra at 310(1), 28 S.E. 850. In applying this general judicial method, Jones did not rely on any rule of strict statutory construction.
Since 1985, however, the statutory method of computation has applied "when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty...." (Emphasis supplied.) OCGA § 1-3-1(d)(3). See also Davis v. DESA Internat., 209 Ga. App. 318, 433 S.E.2d 410 (1993); Loveless v. Grooms, 180 Ga.App. 424, 425, 349 S.E.2d 281 (1986). This broad provision clearly superseded the Jones method of computation of the time prescribed for the exercise of the privilege of filing a claim of lien pursuant to OCGA § 44-14-361.1(a)(2), unless the period of time prescribed in that lien statute comes within the exception in OCGA § 1-3-1(d)(3) for "time period computations specifically applying to other laws...." OCGA § 44-14-361.1(a)(2) cannot come within this exception, however, because that statute "does not itself provide for any method of computing the [three-month] period provided therein." Davis v. DESA Internat., supra at 319, 433 S.E.2d 410.
In making the remarkable assertion that application of OCGA § 1-3-1(d)(3) would expand the time period prescribed by the lien statute to three months and one or more days, the majority apparently considers the statutory method of computation to be an arbitrary one. However, the mandate of OCGA § 1-3-1(d)(3) that "the first day shall not be counted" and that weekend days and legal holidays shall be excluded when the last day falls thereon is a "rule of reason." Brooks v. Hicks, 230 Ga. 500, 501, 197 S.E.2d 711 (1973). Applying that rule does not add any days to statutory time periods, but simply provides a reasonable and practical way to measure those time limitations. Rejection of that rule by reliance upon the rubric of "strict construction" results in unwarranted disparities between legal contexts and can only lead to confusion in appellate court decisions. See 86 CJS, Time, § 13, p. 585 (1997). Until today, the courts of this state have consistently applied OCGA § 1-3-1(d)(3) in a variety of contexts, even to the strictly construed pleading requirements of the forfeiture statute. Jewell v. State of Ga., 200 Ga.App. 203, 204-205(2), 407 S.E.2d 763 (1991). Moreover, the majority of jurisdictions addressing the issue have held that the general rule of excluding weekends and holidays when the deadline falls thereon is applicable to the computation of a time period for filing or perfecting a mechanic's lien. 86 CJS, supra at § 34, p. 614.
In its effort to make the reasonable rule of OCGA § 1-3-1(d)(3) appear excessive, the majority selects the most extreme example it can envision and then utilizes an inaccurate computation. If, as the majority posits, a materialman last furnished materials on August 22, 2000, then the final day of the three month period calculated under OCGA § 1-3-1(d)(3) would fall on Wednesday, November 22, 2000. Since the last day in this example is not a Saturday, Sunday, Thanksgiving Day or any legal holiday, the statute would not extend the time for filing beyond that Wednesday, and certainly not to November 27. Even if the materialman last furnished materials on August 23, 2000, so that the final day would fall on Thursday, November 23, 2000, the Thanksgiving holiday, OCGA § 1-3-1(d)(3) still would not necessarily extend the time for filing to the following Monday. Although the Friday after Thanksgiving takes the place of another legal holiday pursuant to OCGA § 1-4-1(a)(2), the time would not be extended beyond that Friday if the county courthouse was open for the transaction of business on that day. Bellew v. State Hwy. Dept., 127 Ga.App. 301, 302(2), 193 S.E.2d 202 (1972). See also State of Ga. v. Jones, 125 Ga.App. 361, 363, 187 S.E.2d 902 (1972).
Because of the majority's unwarranted disregard of OCGA § 1-3-1(d)(3) and the confusion which this opinion will produce in classes of cases yet to be identified, I dissent to the affirmance of the judgment of the Court of Appeals.